C. M. Pritchett v. Highway Insurance Underwriters Et Al

No. A-6522. Decided January 22, 1958.
(309 S.W. 2d Series 46)

*J. A. Mallory,* of Lindale and *Smith & Smith* and *Troy Smith,* of Tyler, for petitioner, C. M. Pritchett.

*Strasburger, Price, Kelton, Miller & Martin,* and *Royal H. Brin, Jr.,* all of Dallas, for respondent.

MR. JUSTICE CULVER delivered the opinion of the Court.

C. M. Pritchett sued Highway Insurance Underwriters, a reciprocal insurance exchange, and also three individuals, Davis, Turner and Caruthers, doing business as insurance agents under that name. The plaintiff alleged that he was the owner of a certain tractor and trailer and while operating this equipment in the State of Illinois, as a result of a collision with another truck, he became obligated for and paid out approximately $1,600.00 in settlement of a claim against him for property damage. He further claimed that his tractor and trailer, as a result of the collision, was damaged in the sum of $5,000.00, being the difference in value before and after. He sued upon the terms and conditions of a policy issued by Highway Insurance Underwriters covering property damage liability that, he says, was in force and effect at the time of the collision.

He further pleaded that the defendants, Davis, Turner and Caruthers as agents for the Highway Insurance Underwriters, had agreed to issue a policy covering damage to the tractor and trailer occasioned by collision or upset. He claimed to have paid to the agents the amount of the annual premium for that coverage and, that, should he not be entitled to recover against Highway Underwriters for the collision loss, then he prayed for recovery against the agents, Davis, Turner and Caruthers, in that amount.

Defendants answered separately and asserted: (1) That Pritchett did not own the truck and trailer, (2) that while Highway Insurance Underwriters did issue and deliver to Allied Oil Company a policy insuring the truck and trailer against public liability and property damage, nevertheless this policy was duly cancelled prior to the accident in question; (3) that the agents, Davis, Turner and Caruthers, denied that they ever agreed to issue to plaintiff or any other person a policy of insurance on this vehicle covering damages that might arise from collision or upset, and denied that plaintiff paid to them a premium for collision or upset insurance.

The jury found (1) that C. M. Pritchett was not the owner of the truck and trailer either on the 31st day of March, 1953, or at any time from March 31, 1953, to and including November 14, 1953, the date of the accident; (2) that Pritchett did not apply to the agents, Davis, Turner and Caruthers, for collision or upset insurance coverage on the tractor and trailer; (3) that the agents did not agree to issue such a policy; (4) that Pritchett did not pay to the agents a premium for that coverage; and (5) the jury further found in answer to Special Issue No. 28

that Allied Oil Company was the owner of the truck and trailer. Based on these jury findings the trial court entered a judgment in favor of the defendants that the plaintiff, Pritchett, take nothing.

The Court of Civil Appeals in its majority opinion reversed and remanded in part and affirmed in part holding that the defendants did not plead that Allied Oil Company was the owner, but on the contrary, that Brewster was the owner; that the testimony was contradictory as to who did business under the trade name of Aliled Oil Company, and that the submission of Issue No. 28 was confusing and misleading and reasonably calculated to harm and probably did harm the plaintiff, Pritchett, i nrespect to the jury's finding that Pritchett was not the owner of the truck and trailer in question. The Court affirmed the judgment of the trial court in so far as it rendered judgment against Pritchett on his claim for collision and upset damage, but reversed and remanded the cause solely for retrial of his claim for property damage loss against Highway Insurance Underwriters. One of the judges thought that the trial court erred in a number of other respects and that the whole case should be reversed and remanded. 304 S.W. 2d 585. All parties are before us on applications for writs of error.

We agree with the majority holding of the Court of Civil Appeals in respect to that part of the case it affirmed, but we disagree in so far as it reversed and remanded for another trial on plaintiff Pritchett's cause of action for loss asserted under the property damage coverage in the policy issued by Highway Underwriters.

Inquiry as to the identity of the Allied Oil Company or as to who was doing business under that name is foreclosed by the plaintiff himself. At the outset he testified under interrogation by his own counsel that the Allied Oil Company was H. M. Brewster, his son-in-law. This was reaffirmed shortly thereafter when in response to later questions propounded by his counsel, he gave the same answers as follows:

"Q. Now, the Allied Oil Company, I believe you say, is the name your son-in-law was operating under?

"A. That's right.

"Q. And his name is H. M. Brewster?

"A. That's right."

Substantially the same testimony was given by the plaintiff under cross-examination.

■ Both the plaintiff and his son-in-law, Brewster, attempted to explain why the truck was registered in the name of Allied Oil Company, but that does not lessen the positive effect of the plaintiff's own testimony as to the ownership of Allied Oil Company. This would seem to put at rest any uncertainty on that score. As the Court of Civil Appeals points out, the defendants would have been entitled to an affirmative issue on whether or not Brewster owned the truck and it would seem to make no difference that the question was asked in the manner submitted where the plaintiff had testified positively that the Allied Oil Company was in truth and in fact only another name for H. M. Brewster, Thus, it does not appear to us that the issue would have confused the jury or would have affected adversely to Pritchett their finding that he did not own the truck and trailer. The exception leveled at the issue by the plaintiff was that "only one submission of the question of ownership was authorized and a dual submission of such issue places an undue burden upon the plaintiff, and there is no evidence that any person other than C. M. Pritchett owns any interest in the truck and trailer in question." The objection was not good. Under the pleadings a dual submission was authorized, the burden of proof was properly placed and the discharge of the burden on both issues was a necessary incident to the plaintiff's obtaining a verdict from the jury. He did not object on the ground that the question should have inquired of the jury as to whether or not Brewster owned the truck rather than the Allied Oil Company.

Plaintiff cites the opinion of this Court in St. Louis S. F. & T. Ry. Co. v. Wilson, Texas Com. App., 279 S.W. 808, but there the Court was not discussing the dual submission of the same issue, but rather disapproved the splitting up of one issue into two issues. We are of the opinion, therefore, that the submission of Issue No. 28 was not calculated to and did not confuse or mislead the jury and that this case should not be reversed for that reason.

Pritchett, in his application for writ of error, argues for reversal of the trial court's judgment on a number of points. All of these points were in effect overruled by the Court of Civil Appeals, most of them without discussion, though they are taken up in detail in the dissenting opinion. We agree with the Court

of Civil Appeals that none of them present any error sufficient to bring about a reversal.

■ The first of these points is that the trial court refused to define the word "owner" as used in several of the special issues and likewise refused plaintiff's specially requested definition, that read as follow:

"The word 'owner' as used in Special Issues Nos. 1, 2 and 28 submitted to you, includes, but is not limited to a person who had dominion over the thing which he has the right to enjoy and to do with as he pleases, even to spoil or destroy it, insofar as the law permits, unless he be prevented by some agreement or covenant not to do so."

The term is one of common use and has no special legal or technical meaning apart from its ordinary acceptation and therefore it need not be defined. Magnolia Petroleum Co. v. Long, 126 Texas 195, 86 S.W. 2d 450; Dallas Ry. & Term. Co. v. Bankston, Texas Com. App., 51 S.W. 2d 304,.

Pritchett, under this point, argues that because the title stood in the name of the Allied Oil Company and for the reason that the defendants placed so much stress on that fact, a definition was in order. It is true, as the plaintiff points out, that the owner may be one in whose name the title certificate does not stand and that the title certificate only creates a presumption of ownership in the party whose name is shown thereon as the owner. But plaintiff requested no instruction to that effect and the tendered definition would have eliminated no confusion of the minds of the jury in that respect, if any there was. It is also shown that plaintiff offered testimony in explanation as to why the title was put in the name of Allied Oil Company rather than his own.

In the next five points plaintiff, Pritchett, asserts that there was no evidence to support the jury's findings as to 1 to 4, inclusive, above. We find no merit in this contention. The certificate of title to this truck and trailer recites the name of the owner as Allied Oil Company and the signature of the owner shows to be Allied Oil Company by H. M. Brewster. As said before, this certificate creates a presumption of ownership in Allied Oil Company. There is evidence in the record tending to support the jury's finding that Pritchett was not the owner. He insured the property in the name of the Allied Oil Company. Both he and Brewster signed the note for the purchase price of

the truck. One witness testified that Pritchett told him the truck belonged to Brewster and at the time of the collision in Illinois Pritchett represented that the Aliled Oil Company was the owner and that he was driving the truck as an employee of Lennis Pierce, who had rented the truck from Allied Oil Company. On the basis of this information an attachment was issued in Illinois naming the Allied Oil Company as the owner and Pritchett as the driver. Brewster, acting for Allied Oil Company, executed a written lease on this truck and trailer for a period of five months asserting in the lease that the property was owned by Allied Oil Company. This lease was in force at the time of the collision.

The defendants, Davis, Turner and Caruthers, testified that Pritchett did not apply for collision or upset coverage; that they did not agree to issue such a policy and that Pritchett did not pay them the premium for that coverage.

In another group of points Pritchett complains of the admission in evidence of his prior and abandoned petition and the refusal of the Court to permit him to explain his failure in the original petition to allege any cause of action against the agents, Davis, Turner and Caruthers, on account of their non-issuance of a policy covering collision and upset in pursuance to the agreement he claims to have had with the agents.

There are several reasons why these points do not reveal reversible error. The plaintiff's original petition was introduced by the defendants to show that the claim against the agents for failure to insure against collision and upset was not included. Plaintiff's attorney was aware of all material facts before he instituted the suit. His explanations for not suing on this claim in his original petition consisted for the most part of his mental processes in detailing a course of strategy. The Court in sustaining the objection to this explanation agreed that he could offer any factual testimony. At any rate, however, plaintiff could not recover, absent a jury finding, that he owned the truck. This matter had no bearing at all on the issue of ownership.

Pritchett complains of the exclusion by the trial court of copies of two letters allegedly addressed to the defendant, insurance agents, by one W. A. Dorman, and a letter written by the insurance agents to Dorman. At first the letters were admitted over objections and later the Court ordered them stricken from the record. These instruments do not appear in the statement of facts, but are copied in Pritchett's application. The

copies were not properly proved up and they do not appear to be material to any issue at least so far as the issue of ownership is concerned.

Pritchett also complains of that part of the argument referring to defendant Charlie Turner, reading as follows: "He is the one in this case that they are accusing of really not only something that is very detrimental to his character, but his entire business career. I am speaking of the fact that he has accused this man of taking $250.05 and putting it in his pocket and not getting anything for it." The objection was that "it is highly prejudicial, dealing to passion and prejudice, bringing in matters that are entirely outside the record, a man's business and professional career and all of that." The Court sustained the objection as to "his business career." The testimony on the point was sharply contradictory. Pritchett testified that he paid the money in cash to Turner and Turner testified that he did not. We cannot say that the inference was unfairly drawn or erroneously prejudicial.

■ The complaint as to the argument was not preserved in the proper way, that is, by a bill of exceptions. While the correctness of the excerpts from the court reporter's notes was not challenged, this is not tantamount to an agreement on the part of opposing counsel to bring forward for review the objections to the argument by any other method. Only when the complaining party has presented the matter in a bill of exceptions is the opportunity afforded to his adversary and to the court for the addition of any appropriate qualification that might render harmless argument that otherwise would be improper or prejudicial. This rule has been almost unanimously adhered to. Smith v. United Gas Pipe Line Co., 149 Texas 69, 228 S.W. 2d 139; Hartford Accident & Ind. Co. v. Ethridge, Texas Civ. App., 149 S.W. 2d 1040; Associated Employers Lloyds v. Wynn, 230 S.W. 2d 838; Hayter Lumber Co. v. Winder, Texas Civ. App., 295 S.W. 2d 730.

The judgment of the Court of Civil Appeals is reversed in part and affirmed in part and the judgment of the trial court is affirmed.

Opinion delivered January 22, 1958.