The rule is well settled that from the possession by an accused of a part of the stolen property, theft of the whole may be inferred and a conviction sustained. 41A Tex.Jur. par. 237, page 234; Williams v. State, 102 Tex.Cr.R. 588, 279 S.W. 265; Watters v. State, 120 Tex.Cr.R. 629, 46 S.W.2d 679; Norton v. State, 129 Tex.Cr.R. 503, 88 S.W.2d 1045; Miller v. State, 131 Tex.Cr.R. 166, 97 S.W.2d 471, and Dean v. State, 142 Tex.Cr.R. 411, 154 S.W.2d 459. Such rule, however, is applicable only when it is shown that the whole of the property was taken at one or the same time. Clark v. State, 152 Tex.Cr.R. 446, 215 S.W.2d 184.

The evidence in the present case clearly shows that the money and checks were taken from the Perrone Food Market at the same time. From the evidence showing appellant's possession shortly after the theft of some of the stolen checks the jury was authorized to conclude that appellant also took the money stolen at the same time. The evidence showing that appellant stole the checks, although the indictment did not allege theft of the checks, was admissible to prove the theft of the money, the money and checks having been stolen at the same time. Davis v. State, 32 Tex.Cr.R. 377, 23 S.W. 794, and Rose v. State, 52 Tex.Cr.R. 154, 106 S.W. 143.

Appellant's last contention is that the evidence fails to show that he took money "of the United States of America" as alleged in the indictment. Appellant insists that the only evidence in the record is that he took "cash" or "money" without showing it was cash or money "of the United States of America." The proof shows that between "$250.00 and $350.00" was taken. The figures mean "Two hundred and fifty Dollars" and "Three hundred and fifty Dollars" as fully and to the same extent as if they were so written. The proof showing that "dollars" were taken was sufficient to satisfy the allegation of the indictment that appellant took money "of the United States of America." Bledsoe v. State, 151 Tex.Cr.R. 575, 210 S.W.2d 165, and Patrick v. State, 164 Tex.Cr.R. 584, 299 S.W.2d 302.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

**C. W. BROCK, Individually and as Next Friend For Minor Son, Edward Brock, Appellant,**

v.

**Bernard Charles GRAHAM, Appellee.**

No. 15984.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 20, 1959.

**594**

Kouri & Banner, Jack G. Banner, Wichita Falls, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, Fred H. Benners and D. L. Case, Dallas, for appellee.

BOYD, Justice.

C. W. Brock, individually and as next friend for his minor son, Edward Brock, sued Bernard Charles Graham for damages resulting from a collision between an auto-

mobile driven by Graham and a bicycle ridden by Edward Brock. There was a verdict and judgment for Graham and C. W. Brock, individually and as next friend, appeals.

█ Appellant contends that the court erred in overruling his motion for new trial on the grounds that he was prejudiced by appellee's voluntary and deliberate statement from the witness stand that the police came to the scene of the collision and "measured the skid marks. I did not receive a ticket, or anything"; and by a comment by appellee's counsel, in his jury argument, on appellant's failure to call as witnesses the police officers who investigated the accident, they being not under the control of appellant, and being equally available to appellee.

When appellant's attorney completed his voir dire examination of the jurors, he requested the court to instruct appellee's counsel "not to inform the jury on voir dire, or during voir dire examination, or during the trial of the case, or state that his client did not receive a traffic ticket. We move you instruct him not to inform the jury, or the witness not to refer to it in any way, that his client did not receive a traffic ticket." The court said: "I sustain it for this time, but I will have to see some authorities if it comes up."

Appellee testified:

"Q. What about your brakes? Were they in good condition? A. Yes, sir.

"Q. Now, you say when you first saw him you immediately applied your brakes? A. That's right.

"Q. What else, if anything, did you do? A. There wasn't anything I could do but stop. I didn't see him until we collided.

"Q. Had you had any prior warning he was there? A. No, sir, I didn't.

"Q. State whether or not this panel delivery truck obstructed your view of this Donnell driveway as you were approaching. A. Yes, sir, it did. It is a closed panel truck. It wasn't an open truck by any means—closed completely around.

"Q. You mentioned skid marks. Did you leave some skid marks? A. Yes, sir, I did. The police measured the skid marks. I did not receive a ticket, or anything.

"Mr. Kouri: Object to that and ask that it be stricken.

"The Court: Sustain the objection.

"Mr. Kouri: We ask the Court to instruct the jury, if Your Honor please.

"The Court: Ladies and Gentlemen of the Jury, you will not consider it."

We do not think that appellee's statement that "I did not receive a ticket, or anything," calls for a reversal. Rule 434, Texas Rules of Civil Procedure.

In addition to the oral instructions to the jury, as set out above, in its written charge the court told the jurors to answer the issues "from the evidence you have heard in the trial"; not to decide who they thought ought to win, and then try to answer the issues accordingly; but simply to answer the questions as they found the facts from the evidence, without concerning themselves about the effect of their answers.

The answers of the jury were favorable to appellee on all issues relative to his negligence, and against Edward Brock as to several questions as to his own negligence, and found that Edward's acts of negligence in several particulars were proximate causes of the collision. It was further found that the collision in question was not the result of an unavoidable accident.

In Condra Funeral Home v. Rollin, Tex., 314 S.W.2d 277, 278, the misconduct occurred during the cross-examination by defendant's counsel of a policeman, called to testify by plaintiffs. The witness was asked, "And I believe you gave him (driver of the Shivers' car) a ticket for failing to yield the right of way to the ambulance?" The question was objected to and the court was requested to instruct the jury not to consider "any opinion he may have had as to the fault in this accident," and the court gave the following instruction: "Ladies and gentlemen of the jury, you will not consider the question and answer as to whether or not the driver of the Dodge was given a ticket, for any purpose in this case." Counsel then said, "Did I understand the Court instructed the jury not to consider the fact that he gave a ticket for failing to yield the right of way?" and to which the court replied: "I instructed them not to consider the question or the answer as to the ticket for any purpose in this case." The Supreme Court said: "Considering all of the circumstances surrounding the asking of the questions, we are not prepared to assume or presume that the jurors disobeyed the specific and positive oral instruction and in spite of it did draw an improper inference from the question asked, * * *."

In the cited case it was also said that in enforcing Rules 434 and 503, T.R.C.P., a reversal may be ordered only when a review of the whole record convinces the court that but for the error complained of a different verdict would probably have been rendered. We cannot here review the whole record, because the statement of facts is limited to the testimony of appellee and the argument of appellee's counsel, "as requested by attorneys for plaintiffs," so the official court reporter certifies.

In his argument to the jury, counsel for appellee said:

"Now, there is a conflict in the testimony as to where the car stopped first, and

as to whether it was moved once or twice. I want to point out something in the evidence here. There is testimony that there were skid marks left by this car. None of the witnesses who came here know how long the skid marks were.

"The Police had Bernie Graham put his car back even with the skid marks. Mr. and Mrs. Donnell told you that Bernard Graham stopped his car the first time with it blocking their driveway and that he did not back up except when they asked him to back up so they could get out their driveway. Then the Police told him to move it back.

"Ladies and Gentlemen, I got Dr. Ledbetter here by subpoena. Don't you know that, after Mr. and Mrs. Donnell told you what they did from the witness stand, that if the skid marks had been at a place other than where they say, that the plaintiffs, having the last chance to put on testimony, would have subpoenaed the police officers to tell you where they were?

"Mr. Kouri: We object to that, if Your Honor please. We have no control over those officers. We ask the Court to instruct the jury not to consider it.

"The Court: Sustain the objection. You will not consider it."

Appellee says that we should not consider the point as to alleged improper argument, because it was not preserved by a bill of exceptions. We think the objection is well taken. Pritchett v. Highway Insurance Underwriters, Tex., 309 S.W.2d 46, 50. The argument of appellee's counsel is brought up in the partial statement of facts. "While the correctness of the excerpts from the court reporter's notes was not challenged, this is not tantamount to an agreement on the part of opposing counsel to bring forward for review the objections to the argument by any other method. Only when the complaining party has presented the matter in a bill of exceptions is the opportunity afforded to his adversary and to the court for the addition of any

appropriate qualification that might render harmless argument that otherwise would be improper or prejudicial." Pritchett v. Highway Insurance Underwriters, supra. However, should the point be considered, we think it cannot be said that the argument was calculated to and probably did cause the rendition of an improper verdict or judgment. Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404.

Finding no reversible error, the judgment is affirmed.