D. J. SMITH et ux., Appellants,

v.

John R. WHITEHEAD, Appellee.

No. 14006.

Court of Civil Appeals of Texas.

Houston.

Dec. 13, 1962.

Rehearing Denied Jan. 10, 1963.

Landis & Gregory, Buddy W. Gregory, Houston, for appellants.

Banister, Boswell & O'Toole, John R. Banister, III, Houston, for appellee.

BELL, Chief Justice.

Our opinion rendered on November 8, 1962 is hereby withdrawn and the following is, on motion for rehearing by appellee, substituted as the opinion of the Court.

D. J. Smith sued appellee to recover damages for injuries suffered by his wife, Lee Ethel Smith, when an automobile driven by his wife was in collision with a pickup truck driven by appellee. The jury failed to find appellee guilty of any negligence that was a proximate cause of the injury and the court entered judgment favorably to appellee.

Appellants contend that the jury's answer that appellee entered the intersection on a green light is not supported by any evidence, or, alternatively, that such answer is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong.

■ We have reviewed the whole record bearing on these contentions and are of the view that the jury's answers are supported by evidence of probative force and we are unable to say that the answers are so contrary to the overwhelming weight and preponderance of the evidence as to be unjust. In fact the evidence was close on the issues and either an affirmative or negative answer would find sufficient evidence to support it, though the evidence is, in our opinion, more favorable to appellants.

Appellants next contend there was jury misconduct that was harmful to them. The misconduct is alleged to have resulted when the jurors discussed personal experiences and speculated that appellee probably did not have insurance and it would work a hardship on him to pay a judgment rendered against him.

Only one juror testified. The substance of her testimony was that from the very first of the deliberations the other jurors were of the view that appellee had the green light with him when he entered the intersection and that Mrs. Smith was proceeding on without noticing. She testified to this effect at two places in her testimony. She also testified that one juror testified Mrs. Smith didn't need a maid, that his wife did her own housework. A woman juror said her back hurt her but she did her own work. The witness did not remember the names of the jurors who made these statements. She also testified that it was discussed that appellee was doing longshoremen's work and could not pay any judgment. The witness stated he could if he wanted to because if he wanted to work he could make up to $300.00 per week. She knew this because she had relatives doing this type of work. She said there was some

discussion back and forth that appellee probably didn't have insurance and thus probably couldn't pay a judgment.

■ We will assume the above statements were made. Before any reversible error is shown, the party asserting error must show that the misconduct was material and was of such a nature that it was reasonably calculated to cause and probably did cause injury to the complaining party. The burden is on the complaining party to show, in the light of the whole record, that injury probably resulted.

We have concluded that appellants have failed to show any probable injury.

It is difficult to say definitely, but we think the evidence shows that any acts of misconduct occurred after the jury had passed on the issues of liability. Such a conclusion is occasioned by the witness' testimony that from the very first of the deliberations the other jurors thought appellee was in the right. She then talks about a juror speaking of whether his wife needed a maid and of one woman juror saying her back hurt but she was able to do her housework. This information clearly related only to damages.

■■ The mention of appellee's ability to pay a judgment because he probably did not have insurance could relate to the question of liability or damages. As above stated, it seems to us the discussion probably took place in connection with the discussion of the damage issue. In any event, the burden is on appellants to demonstrate probable injury and to do this they must relate the discussion to an issue or issues on which it would bear. Mrs. Baird's Bread Co. v. Hearn, 157 Tex. 159, 300 S.W. 2d 646. This burden they have failed to discharge.

The discussion here apparently related to the damage issue at a time when it seems the issues of liability had been determined. The jury assessed total damages of $1075.00. There is no complaint

here by any point of error that the damages assessed were in an insufficient amount.

 Appellants' next contention is there is a conflict in the jury's answers. In answer to Special Issue No. 3 the jury answered that appellee failed to turn his vehicle to the left as an ordinarily prudent person in the exercise of ordinary care would have done. In answer to Special Issue No. 4 the jury found such failure was not a proximate cause of the collision. Special Issue No. 8 was a damage issue. It was so worded as to inquire as to the amount of money that would reasonably compensate appellant for her *injuries that were a direct and proximate result of the accident.* In instructing the jury as to the elements it could consider, the court submitted mental pain and suffering, past and future, value of lost earnings to date of trial, and loss of earning capacity. In connection with each element the court inquired as to what the compensation should be for injuries, if any, *directly and proximately caused by the negligence, if any, of the appellee.* Appellants contend since the jury found damages they, because of the wording of Special Issue No. 8, found some negligence of appellee was a proximate cause of the collision. On the other hand, while the jury found in answer to Special Issue No. 3 that appellee was negligent, it found the act was not a proximate cause of the collision. The conflict is alleged to be between Special Issue No. 4 and Special Issue No. 8.

We overrule this point. Issue No. 4 was an issue inquiring specifically as to whether a negligent act was a proximate cause. Special Issue No. 8 was a general damage issue that did not have for its purpose specific determination of the proximate cause of some act of negligence. After the jury had answered all other issues than those on damage in a manner so as to acquit appellee of an act of negligence that was a proximate cause of the collision, the damage issues became immaterial. Garza v. San Antonio Transit Co.,

Tex.Civ.App., 180 S.W.2d 1006, writ ref., w. m.

Appellee's motion for rehearing is granted and the judgment of the trial court is affirmed.