**Edgar M. DILLON, Appellant,**

v.

**James Darrell MOORE, Appellee.**

**No. 16159.**

Court of Civil Appeals of Texas.

Dallas.

April 5, 1963.

Rehearing Denied May 3, 1963.

Geo. W. Hutchison, Fowler Roberts and Stanley S. Crooks, Dallas, for appellant.

Harris, Anderson, Henley & Rhodes and L. W. Anderson, Dallas, for appellee.

BATEMAN, Justice.

This appeal is from a take-nothing judgment in a suit for damages for bodily injuries and property damage arising out of an automobile collision in which appellant's passenger car was struck from the rear by appellee's pick-up truck. The jury absolved both drivers of negligence and found that appellant's injuries resulted from an unavoidable accident; also that he suffered no monetary loss. We have carefully considered the entire record, the briefs and the oral arguments, and conclude that no reversible error is shown.

Appellant's first point, that the trial court improperly sustained appellee's objection to his jury argument, is overruled because the point was not preserved by a bill of exceptions. Pritchett v. Highway Ins. Underwriters, 158 Tex. 116, 309 S.W.2d 46, 50.

His second point is that the jury finding that he sustained no damages is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. We overrule this point because of the well-settled rule that such an issue on damages, regardless of the jury's answer thereto, becomes wholly immaterial in the light of other findings requiring a take-nothing judgment. Southern Pine Lbr. Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334.

By his third, fourth and fifth points appellant contends that the jury findings that appellee did not fail to keep a proper lookout and that the accident was unavoidable, and the failure of the jury to answer affirmatively the special issue as to whether appellee's failure to keep a proper lookout was a proximate cause of the collision, were all so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. He argues that, appellee having admitted that his attention was distracted by a tool box which he had placed on the floor of his pick-up truck, and which had slid forward behind appellee's foot and prevented him from removing his foot from the accelerator to the brake pedal, "the jury was clearly in error in their answers to the special issues in question." This argument gains some plausibility by appellee's testimony on cross-examination that if he had not been thus temporarily distracted the accident would not have happened and he would have been able to avoid it. Appellant directs our attention to Fisher v. Franke, Tex.Civ.App., 321 S.W.2d 903,

no wr. hist., wherein the defendant admitted that he took his eyes off the road to reach for a box of cough drops to alleviate a violent spell of coughing and when he looked up again the plaintiff's car had stopped in front of him. The jury found that defendant did not fail to keep a proper lookout, and the Texarkana Court held that this was so contrary to the overwhelming weight and preponderance of the evidence as to require a reversal of the defendant's judgment. There was no showing that the coughing prevented him from applying his brakes. In the case before us, however, the so-called distraction was caused by an unexpected event which prevented the defendant from applying his brakes, and, evidently realizing that unless he eliminated the cause of this dangerous situation a violent collision would probably ensue, he looked down momentarily to ascertain what it was, removed the tool box, applied his brakes, and collided with the rear of appellant's car, but probably with substantially less violence than if he had kept his eyes continuously on the road and not applied his brakes. The distinction between the cases is readily apparent. We are not concerned with questions as to whether appellee may have been negligent in placing the tool box on the floor of his vehicle without securing it against sliding up behind his feet while driving, or in driving with the unsecured tool box on the floor, or in following appellant's car too closely. Appellee admitted that he had placed the tool box in the pick-up, but he was not charged with negligence in doing so. All we are here concerned with is the question of proper lookout. The jury's failure to answer the proximate cause issue following the proper lookout issue was in obedience to the court's instructions, as this issue was submitted conditionally upon an affirmative answer to the proper lookout issue. These three points are therefore overruled.

Since appellant's failure to establish actionable negligence on the part of appellee requires affirmance of the judgment, we deem it unnecessary for us to consider or discuss appellant's remaining points attacking the issues and findings in appellee's favor on emergency.

Finding no reversible error in this record, and feeling that substantial justice has been achieved by the verdict and judgment, the judgment is affirmed.

Affirmed.