CONNECTICUT INDEMNITY COMPANY, Appellant,

v.

Roy G. TREJO, Appellee.

No. 14086.

Court of Civil Appeals of Texas.

Houston.

April 18, 1963.

Hicks, Dollahon, Boss & Wohlt, Willard E. Dollahon, Houston, for appellant.

McCully & Christensen, Helm, Jones, Pletcher & Winkelman, Robert C. Winkelman, Houston, for appellee.

COLEMAN, Justice.

This is a Workman's Compensation case. Appellant seeks to reverse the judgment of the trial court by reason of alleged improper jury argument made by counsel for appellee.

No statement of facts has been filed in this Court. Appellant has filed an instrument denominated "Defendant's Bill of Exceptions." This instrument, in the form of a bill of exceptions, has attached thereto as "Exhibit A" a transcription of the argument of appellee's counsel which is certified correct by the court reporter and appellee's counsel. Counsel for appellee struck from the certificate to the bill of exceptions the words, "and I have approved same as a correct bill of exceptions and agree that," and as filed it reads: "Submitted to me, exhibit 'A' thereto is a correct transcription of oral argument of plaintiff's attorney."

Thus it appears that the bill of exceptions was not approved as correct by appellee's counsel and, additionally, it was neither approved, refused nor ordered filed over the signature of the trial court. Neither has appellee's counsel agreed that the reporter's transcription be considered as a bill of exceptions. While appellant's counsel asserts that the bill of exceptions was presented to the trial court who stated that he neither approved nor disapproved bills of exception where counsel for both parties have agreed that the court reporter's transcription of the argument is correct because in his opinion it was not necessary, no bill of exception to this action of the court appears in the record, and, therefore, no certification as to the truth of the matter.

While the trial court's duty and responsibility with respect to bills of exception are clearly stated in Rule 372, Texas Rules of Civil Procedure, a case may not be reversed by reason of error of the trial court unless such error appears in the record. Appellant has not presented a point of error in his brief complaining of the failure of the trial court to act on his bill of exceptions. The necessity for a bill of exception is illustrated when, as in this case, it is contended that the objectionable argument was made in response to an argument made by the appellant. In the absence of a bill of exception the appellate court usually cannot consider that circumstance.

"Only when the complaining party has presented the matter in a bill of exceptions is the opportunity afforded to his adversary and to the court for the addition of an appropriate qualification that might render harmless argument that otherwise would be improper or prejudicial." Pritchett v. Highway Insurance Underwriters, 158 Tex. 116, 309 S.W.2d 46.

**950**

The instrument filed in this Court does not constitute a bill of exceptions since the record does not show that it was properly presented to the trial court and the record does show that no action thereon was taken by the trial court. While the reporter's transcript of the argument was not intended as a statement of facts and was not presented to this Court as a partial statement, it is settled that the fact that the argument of counsel is inserted in the statement of facts filed in the appellate court will not constitute the objections and exceptions contained therein informal bills of exception under Rule 372. Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company v. Tatom, Tex.Civ. App., 342 S.W.2d 25, ref. n. r. e.; Smith v. United Gas Pipe Line Co., 149 Tex. 69, 228 S.W.2d 139; American General Insurance Co. v. Dennis, Tex.Civ.App., 280 S.W.2d 620.

In Bolstad v. Egleson, Tex.Civ.App., 326 S.W.2d 506, ref., n. r. e., this Court sustained a motion to strike from the record a transcript of the jury argument certified as correct by both the official court reporter and the trial judge for the reason that such a transcript, in the absence of an agreement by counsel, is not a proper part of the statement of facts and does not constitute a bill of exceptions.

While appellee has filed no motion to strike the purported bill of exceptions, it is not properly a part of the record and cannot be considered by this Court. Pritchett v. Highway Insurance Underwriters, supra.

Before the judgment of the trial court is reversed because of improper jury argument, the record must reflect that the improper argument was made to the jury, and the appellate court must be satisfied that the argument was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596. Since this record contains no statement of facts, we would be unable to form an intelligent opinion as to whether the argument complained of probably caused the rendition of an improper judgment. Walker v. Texas Employers Ins. Ass'n, 155 Tex. 617, 291 S.W.2d 298.

The judgment of the trial court is affirmed.