**SARAH COVENTRY, INC., Appellant,**

v.

**BLANCH–ETTE, INC., Appellee.**

**No. 58.**

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 20, 1964.

Rehearing Denied Sept. 10, 1964.

defendant below, was engaged in a conspiracy to induce large numbers of appellant's employees to break their contracts of employment with appellant for the purpose of becoming associated with appellee. Actual and exemplary damages were sought, and also an injunction enjoining appellee from initiating any action of a personal nature to solicit, recruit or in any manner induce employees of appellant to leave its employment or service. Based upon a jury verdict, judgment was rendered for the appellee denying all relief sought by appellant. We affirm the judgment.

This appeal is predicated upon alleged errors relating to purported prejudicial and inflammatory jury arguments by appellee's attorneys and upon newly discovered evidence. Points of Errors Nos. 1 to 16 inclusive deal with the jury arguments and will be disposed of together.

The arguments complained of are in the record on appeal *only* by way of an exhibit attached to the Amended Motion for a New Trial. This exhibit purports to be a transcription of the jury arguments of all the attorneys, certified to be correct by the court reporter. There is no agreement between counsel on the jury arguments, and no certification by the trial court. No objections were made to the arguments of appellee's attorneys in the trial court. *No bills of exception* were prepared by appellant's attorney as to any portion of such arguments and submitted to the trial judge for his approval or qualification.

Appellee has filed with us a motion to strike the record of the jury argument from the transcript based on the proposition that in the absence of an agreement between the attorneys, and of bills of exceptions, such argument is not properly a part of the record. We sustain appellee's motion. In Bolstad v. Egleson, Tex.Civ.App., 326 S.W. 2d 506, writ ref. n. r. e., a similar motion was sustained even though the trial court did certify to the correctness of the transcription of the jury arguments, the Court of Civil Appeals holding that in the absence

---

Nowlin Randolph, Houston, for appellant.

Henry P. Giessel and Don T. Weitinger, of Talbert, Giessel, Cutherell, Barnett & Stone, Houston, for appellee.

GREEN, Chief Justice.

Appellant Sarah Coventry, Inc., filed this suit alleging that appellee Blanch-Ette, Inc.,

of bills of exceptions and of counsel's agreement, points of error concerning jury argument cannot be considered by the appellate courts.

As stated in the opinion in that case, any indefiniteness in that rule has now been set to rest by our Supreme Court in Pritchett v. Highway Insurance Underwriters, 158 Tex. 116, 309 S.W.2d 46, from which we quote as follows:

"The complaint as to the argument was not preserved in the proper way, that is, by a bill of exceptions. While the correctness of the excerpts from the court reporter's notes was not challenged, this is not tantamount to an agreement on the part of opposing counsel to bring forward for review the objections to the argument by any other method. Only when the complaining party has presented the matter in a bill of exceptions is the opportunity afforded to his adversary and to the court for the addition of any appropriate qualification that might render harmless argument that otherwise would be improper or prejudicial. This rule has been almost unanimously adhered to. Smith v. United Gas Pipe Line Co., 149 Tex. 69, 228 S.W.2d 139; Hartford Accident & Ind. Co. v. Ethridge, Tex.Civ.App., 149 S.W.2d 1040; Associated Employers Lloyds v. Wynn, Tex.Civ.App., 230 S.W.2d 838; Hayter Lumber Co. v. Winder, Tex.Civ.App., 295 S.W.2d 730."

Pritchett v. Highway Insurance Underwriters, supra, has been cited and followed on this proposition of law in many opinions, including Brock v. Graham, Tex.Civ.App., 321 S.W.2d 593, n.w.h.; City of Dallas v. Riddle, Tex.Civ.App., 325 S.W.2d 955, writ ref. n. r. e.; Bolstad v. Egleson, supra; Pennsylvania Threshermen & Farmers Mutual Casualty Insurance Co. v. Tatom, Tex. Civ.App., 342 S.W.2d 25, writ ref. n. r. e.; Mikell v. La Beth, Tex.Civ.App., 344 S.W. 2d 702, writ ref. n. r. e.; County of Bexar v. Cooper, Tex.Civ.App., 351 S.W.2d 956, n.w.h.; Connecticut Indemnity Co. v. Tre-

jo, Tex.Civ.App., 366 S.W.2d 948, n.w.h.; Dillon v. Moore, Tex.Civ.App., 367 S.W.2d 70, n.w.h.

■ Appellant submits that appellee's Motion to Strike cannot be considered by us because it was filed more than thirty days after the filing in this court of the transcript and statement of facts, citing Rule 404, Texas Rules of Civil Procedure, and Pacific Fire Ins. Co. v. Smith, 145 Tex. 482, 199 S.W.2d 486. In that case the Supreme Court held that the failure of the statement of facts to be approved by the trial court was one of the informalities in the manner of bringing a case into court contemplated by Rule 404, T.R.C.P., and that failure to file objections within the thirty day period waived the defect.

■ As noted, Rule 404 refers to informalities in the manner of bringing a case into court and does not concern the proper assignment of errors after the case is brought into court. Appellee's motion does not contest the fact that this case is properly on file in our court. The motion is addressed to the legal proposition that certain alleged errors are not properly before the court because not presented in the manner required by law. The preparation, presentation to the trial court, and filing of a proper bill of exception is not an informality, but is a formal way of preserving claimed error. Rule 372, T.R.C.P.

Regardless of appellee's Motion to Strike, we would not be authorized to consider appellant's Points 1 to 16 inclusive in view of the authorities cited above. In this connection, the court in Connecticut Indemnity Company v. Trejo, supra, said:

"While appellee has filed no motion to strike the purported bill of exceptions, it is not properly a part of the record and cannot be considered by this Court."

Since the jury argument of counsel is not properly before this court by way of bills of exception, we shall not consider

appellant's Points of Error 1 to 16 inclusive.

Appellant's Seventeenth Point of Error reads as follows:

"The trial court erred in overruling appellant's amended motion for a new trial because appellant was entitled to such new trial for newly discovered evidence, being the contract between appellee and its former sales manager, Mrs. Peg Coco."

What appellant offers as its newly discovered evidence is the employment contract between Blanch-Ette, Inc. and its national sales manager, Mrs. Peg Coco, dated January 30, 1962, with particular emphasis on the paragraph of said contract under the terms of which she is prohibited for one year from working in the same or similar line of business in fourteen named states, and is precluded without limitation of time from soliciting or in any manner attempting to induce appellee's dealers, sales people or employees to sever their relationships or dealings with appellee, and from furnishing anyone with any of the company's sales material, records, names of employees, dealers or customers.

Appellant's contentions as to the materiality and relevancy of this evidence, so important, he says, as to require this court to grant a new trial, are summarized in his brief as follows:

"The newly discovered evidence is vital when considered against the background of appellee's theory of the case. Appellee had pleaded, in effect, that the appellant by restrictive courses and threats of filing lawsuits and oppressive conduct generally had tried to limit the freedom of its employees. The appellee made much of the written contracts of the appellant and charged that appellee was fairer in its own course of dealing with its personnel."

Appellant's counsel testified at the hearing on his Amended Motion for a New Trial concerning his assignment on newly discovered evidence. He admitted that during the trial of the case he learned of the restrictive employment contract between appellee and Mrs. Coco. The statement of facts of the evidence on the trial on the merits shows that on cross-examination of Mrs. Blanche Viano, principal owner and head of appellee, he asked her if it wasn't a fact that appellee and Mrs. Coco were having a controversy at that very time over the rights of the parties under Mrs. Coco's contract. (She was no longer in appellee's employ.) It appears very probable that had counsel wished he could have learned more about this contract by further cross-examination of Mrs. Viano.

"A new trial will not be granted on the ground of newly-discovered evidence, unless it is made to appear that it has come to the knowledge of the applicant since the trial; that it could not have been sooner discovered by the exercise of diligence; that it is not merely cumulative; that it is not for the purpose of impeachment." Conwill v. Gulf, C. & S. F. Ry. Co., 85 Tex. 96, 19 S.W. 1017, quoted with approval by our Supreme Court in New Amsterdam Casualty Company v. Jordan, 359 S.W. 2d 864.

■  Such evidence must, of course, be admissible, and of such a character as will probably change the result if produced on another trial. 41 Tex.Jur.2d, New Trial, pp. 289 et seq., and cases cited.

■  Whether the motion for a new trial based on new evidence met the above conditions was a matter largely addressed to the discretion of the trial judge, and unless it appears to us that his discretion was abused, we should not disturb his decision. San Antonio Gas Co. v. Singleton, 24 Tex.Civ. App. 341, 59 S.W. 920, writ ref.; Texas Employers Ins. Ass'n v. Moser, Tex.Civ.App., 152 S.W.2d 390, n.w.h.; Vance v. Obadal, Tex.Civ.App., 256 S.W.2d 139, writ ref.; Wofford v. Miller, opinion rendered by this court July 29, 1964, 381 S.W.2d 640.

■ We are of the opinion that the evidence adduced upon the hearing on the motion for new trial raised fact issues as to appellant's diligence, or lack of it; of the materiality of the offered evidence; of the matter of whether it would be merely cumulative of other testimony; as well as to the probable effect of such evidence upon the result, should a new trial be granted. We presume that the trial court found against appellant upon these issues in overruling its motion. New Amsterdam Casualty Co. v. Jordan, Supreme Court, supra; Texas Employers Ins. Ass'n v. Moser, supra.

■ The trial court did not abuse its discretion in overruling the assignment concerning newly discovered evidence contained in appellant's motion for new trial. Appellant's Seventeenth Point of Error is overruled.

Judgment affirmed.