Rosa Nell ROBINSON et vir, Appellants,

v.

Bernice C. CRUMP, Sr., Appellee.

No. 31.

14th Court of Civil Appeals of Texas.

Houston.

Nov. 29, 1967.

Rehearing Denied Dec. 20, 1967.

David J. Nagle, Houston, for appellants.

Robert W. Alexander, Elmo Schwab, McLeod, Alexander, Powel & Apffel, Galveston, for appellee.

SAM D. JOHNSON, Justice.

This is an automobile collision case. The plaintiffs, who are man and wife, were occupants of a motor vehicle which was stopped on the Galveston Seawall Boulevard to permit a car immediately ahead of them to back into a parking spot. While stopped, they were run into from the rear by a car proceeding in the same direction and being operated by the minor defendant, Bernice Crump, Jr. The owner of the motor vehicle being operated by Bernice Crump, Jr. was Bernice Crump, Sr. In response to numerous special issues, the jury found no specific acts of negligence on the part of either the minor defendant driver, Bernice Crump, Jr., or the defendant owner of the second vehicle, Bernice Crump, Sr. The jury further found that the collision was the result of an unavoidable accident and, in response to the damage issue, found damages in the amount of $1,000.00. Judgment was entered that plaintiffs take nothing, from which judgment they appeal.

The initial contention is that the trial court erred in striking that portion of the plaintiff's pleading containing general allegations of negligence because plaintiffs had indicated an intention to rely upon the doctrine of res ipsa loquitur. Citing Bond v. Otis Elevator Co., Tex., 388 S.W.2d 681, appellant contends that the doctrine was appropriate in this instance because the circumstances here evidence facts whereby negligence may be inferred from the mere fact that the accident happened in that the character of the accident and the circumstances attending it lead reasonably to be the belief that, in the absence of negligence, it would not have occurred, and the vehicle which caused the injury is shown to have been under the management and control of the alleged wrongdoer.

This contention cannot stand. Here the appellee pled and apparently established to the jury's satisfaction that the sole cause of the collision was the sudden and unexpected failure of the brakes on the defendant's car. Here the appellee pled and the jury affirmatively found unavoidable accident. The fact that the occurrence involved may warrant an inference of presumption of negligence does not compel it. "When all the facts connected with the occurrence fail to point to any particular

cause of the * * * injury, but merely show the state of affairs or some intervening circumstance from which an inference could reasonably be drawn that the injury was due to some cause other than the negligence of the defendant, the rule of res ipsa loquitur has no application." Tuscany v. United States Standard Products Co., 243 S.W.2d 207 (Tex.Civ.App., Dallas 1951, no writ history).

■ We sustain appellee's motion to strike appellants' bill of exception. The order overruling appellants' motion for new trial was entered April 19, 1967. *Fifty-one* days later, on June 9, 1967, appellants' bill of exception was filed and on the same date, the trial judge signed an order which allowed the court reporter's transcription of the defendant attorney's jury argument as a bill of exception. Rule 381, Texas Rules of Civil Procedure provides that the party appealing shall have *fifty* days after the rendition of final judgment or order overruling motion for new trial within which to prepare and file his bill of exception in the trial court. Appellants made no motion to the trial court or to this court to extend the time for filing and in response to appellee's motion to strike, have failed to show good cause for such late filing.

"It is true that where no motion for an extension of time has been filed in the Court of Civil Appeals that the trial judge has complete control over the filing of the statement of facts in the trial court, and if the same is not filed within fifty days allowed by Rule 381, T.R.C.P., then, ordinarily, there must be an order of the trial judge extending that time, and if the statement of facts is filed in the trial court after the fifty days, without the time having been extended in any way by the trial judge, such a filing is a nullity and does not meet the requirements of Rule 381, and the appellate court will not consider a statement of facts not filed within the fifty days, or filed after the fifty day period without leave of the court. Seaboard Fire & Marine Insurance Co. v. Halbert, Tex.Civ.App., 173 S.W.2d

180; Jaeger v. Cullen, Tex.Civ.App., 183 S.W.2d 584; Parrish v. Parrish, Tex.Civ. App., 214 S.W.2d 700." McKay v. Kelly, 225 S.W.2d 992 (Tex.Civ.App., San Antonio 1949, n. r. e.). We believe that this reasoning, at the time applicable to the statement of facts, is applicable to the case at bar involving a bill of exceptions.

■ "The preparation, presentation to the trial court, and filing of a proper bill of exceptions is not an informality, but is a formal way of preserving claimed error. Rule 372, T.R.C.P." Sarah Coventry, Inc. v. Blanch-Ette, Inc., 381 S.W.2d 636 (Tex. Civ.App.1964, n. r. e.). As appellants' bill of exception was not timely filed, the jury argument complained of is not properly before this court by way of a bill of exception and the points of error in this regard must be overruled.

■■ Appellant contends that the trial court erred in failing to retire the jury at his request to resolve an alleged conflict in two special issue findings and in accepting, over his objection, the jury verdict containing the alleged conflict. Appellant contends there is a conflict in the jury's finding of unavoidable accident and in the finding of $1,000.00 in response to the damage issue. First, there is no statement of facts before the court and no bill of exception indicating the alleged rulings of the trial court complained of. There is no record before this court to support appellants' contention as to the action of the trial court and same is overruled. Further, there is no material conflict in the two findings. "After the jury had answered all other issues than those on damages in a manner so as to acquit appellee of an act of negligence that was a proximate cause of the collision, the damage issues became immaterial. Garza v. San Antonio Transit Co., Tex.Civ.App., 180 S.W.2d 1006, writ ref., w. m." Smith v. Whitehead, Tex.Civ.App., 363 S.W.2d 369, no writ history.

The judgment is affirmed.