CHEMICAL EXPRESS CARRIERS,
INC., Appellant,

v.

Dorothy Cook NASH, Appellee.

No. 5612.

Court of Civil Appeals of Texas,
Waco.

Sept. 23, 1976.

Jack B. Sides, Jr., Dallas, for appellant.

Don Hinds, Dallas, Warwick H. Jenkins, Waxahachie, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Chemical Express from judgment against it for $78,-800. in favor of plaintiff Nash, in a negligence action based on a collision between defendant's truck and plaintiff's automobile.

Plaintiff sued defendant alleging that on December 1, 1973 at approximately 8:55 A.M. defendant's truck ran through a red light at an intersection in Waxahachie, Texas striking plaintiff's automobile which was proceeding through the intersection on a green light; that defendant was guilty of a number of acts of negligence proximately causing injuries to plaintiff's head, neck, all extremities, right shoulder and low back; that plaintiff required back surgery; and suffered damages totalling $250,000.

Defendant answered by general denial and alleged plaintiff guilty of acts of contributory negligence.

Trial was to a jury which found defendant's driver negligent, in failing to keep a proper lookout, in driving at a greater rate of speed than a person using ordinary care would have driven, in failing to make application of the brakes that a person using ordinary care would have made, and in entering the intersection when the traffic signal facing it was red; and that such acts of negligence were proximate causes of the occurrence. The jury further found plaintiff did not fail to keep a proper lookout; and fixed plaintiff's damages resulting from the occurrence at; $5000. for physical pain and mental anguish in the past; $35,-000. for physical pain and mental anguish in the future; $9000. for loss of earnings in the past; $26,000. for loss of earning capacity in the future; and $3800. for reasonable and necessary medical and hospital expenses for treatment of her injuries.

The trial court rendered judgment on the verdict for plaintiff for $78,800.

Defendant appeals on 6 points contending the trial court erred:

1) In refusing to submit an issue as to whether plaintiff had sustained injury in the collision.

2) In refusing to submit defendant's requested issues as to whether plaintiff failed to make brake application as a person using ordinary care, and whether such failure was a proximate cause of the collision.

3) In sustaining objection to defendant's attorney arguing to the jury that plaintiff had failed to bring in person as a witness any of her many doctors, particularly in failing to bring Dr. Jones, either in person or by deposition, even though shown by the evidence available to testify.

4) In failing to grant a new trial because the jury's answer that plaintiff did not fail to keep a proper lookout is incorrect as a matter of law, or is against the great weight and preponderance of the evidence.

5) In not granting a new trial or ordering a remittitur, because the verdict is excessive in the amount of $30,000. for future pain and mental anguish, and $20,000. for future loss of earnings.

■ Contention 1 complains of the trial court's refusal to submit an issue as to whether plaintiff had sustained injury in the collision.

■ When there is no question but that injuries were sustained, conventional issues on damages and accompanying instructions permits the jury in arriving at amount of damages, to make an incidental determination of the nature and extent of injuries suffered; but when existence of injury is controverted in the evidence, the defendant is entitled to a submission of an issue as to whether plaintiff was injured [in the collision]. *Texas & Pacific Ry. Co. v. Van Zandt*, 159 Tex. 178, 317 S.W.2d 528.

It is uncontroverted in the evidence that plaintiff was injured. Defendant's truck ran through a red light at an intersection striking plaintiff's automobile completely turning it around and totally destroying it; an ambulance was called which carried plaintiff to Dr. Jones' clinic; Dr. Jones

treated plaintiff for injuries to her face, head, nose, shoulders and back; plaintiff saw Dr. Kelly 2 days later who placed her in the hospital for some 12 days; Dr. Kelly testified that in all reasonable medical probability her injuries were produced by the automobile collision. There was no evidence to the contrary, and the record reflects defendant tried the case, not on the theory plaintiff was not injured, but that she was not injured as severely as she claimed.

Contention 1 is overruled.

■ Contention 2 asserts the trial court erred in refusing submission of defendant's requested issues as to whether plaintiff failed to make proper brake application, and whether such was a proximate cause of her injuries.

Plaintiff entered the intersection when the signal light was green for her, and she saw defendant's truck was about a half block away. Defendant's truck ran through a red light facing it and struck plaintiff. The jury found defendant's truck entered the intersection on a red light, was guilty of improper lookout, speeding, and not applying his brakes.

There is no evidence plaintiff saw defendant running the red light in time to apply her brakes and avoid the collision. The trial court did not err in refusing the issues.

Contention 2 is overruled.

■ Contention 3 asserts the trial court erred in sustaining plaintiff's objection to defendant's attorney's argument to the jury that plaintiff had failed to bring in person as a witness any of her many doctors who treated her.

All plaintiff's doctors were present as witnesses in the case by deposition, except Dr. Jones.

Defendant has not preserved by bill of exceptions or otherwise what argument it would have made had the court not ruled against it. *Pritchett v. Highway Ins. Underwriters*, 158 Tex. 116, 309 S.W.2d 46; *Southern Pacific Co. v. State of Texas*, CCA, NWH, 438 S.W.2d 413.

Moreover, we think the matter harmless under Rule 434 TRCP.

Contention 3 is overruled.

■ Contention 4 asserts the jury's answer that plaintiff did not fail to keep a proper lookout is incorrect as a matter of law, or is against the great weight of the evidence.

Plaintiff testified that after stopping at the light, looking to her front, to her right and to her left, before entering the intersection [on a green light] she saw the truck coming about a half block away, and after she was in the intersection she heard a noise and saw the truck, but at that time she realized she would be hit. The truck ran its red light to enter the intersection. The evidence is ample to sustain the jury's finding, and it is not erroneous as a matter of law.

Contention 4 is overruled.

■ Contention 5 asserts the verdict excessive, and that the trial court erred in not granting a new trial or ordering a $50,000. remittitur.

As noted the jury fixed plaintiff's damages: $5000. for past pain and anguish; $35,000. for future pain and anguish; $9000. for past earnings loss; $26,000. for future earnings loss; and $3800. for medical expenses.

Defendant asserts the $35,000. for future pain and anguish excessive by $30,000. and the $26,000. for future earnings loss excessive by $20,000.

Plaintiff was 44 years old at time of trial. Dr. Acosta testified he removed a completely extruded disc; that on July 22, 1975 she was not able to work; that on October 9, 1975 she could not perform the usual tasks of a workman working in a clothing manufacturing plant; that her disability was 30%; and that she would have to live with pain. Plaintiff has a life expectancy of 36.7 years; was in good health prior to the accident; was earning $100. per week. Since

her injury she has not been able to work, and has been in pain.

The verdict is not excessive.

Contention 5 is overruled.

AFFIRMED.