Orel CARROLL, Appellant,

v.

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY et al., Appellees.**

No. A2582.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 25, 1981.

Rehearing Denied April 15, 1981.

Henry P. Giessel, Alice Giessel, Talbert, Giessel & Stone, Houston, for appellant.

Tom Lorance, William K. Luyties, Lorance, Thompson & Wittig, Houston, Frank J. Knapp, Jeffrey C. Londa, Butler, Binion, Rice, Cook & Knapp, Houston, for appellees.

Before BROWN, C. J., and PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a take-nothing judgment in a garnishment proceeding. Appellant sought to garnish insurance policies issued by Appellees, the primary and excess insurers of Timmers Chevrolet, Inc. (hereinafter Timmers), in an effort to satisfy the unpaid portion of a judgment previously obtained against Timmers and other defendants. The judgment was for injuries sustained in a collision with a wrecker. In that suit the jury found that Timmers conspired with the other defendants to evade the auto wrecker permit laws of the City of Pasadena and that Timmers was an "owner" of the wrecker within the meaning of the Pasadena wrecker permit ordinance.

The Beaumont Court of Civil Appeals reversed the judgment of the trial court, holding that, as a matter of law, Timmers was not an "owner" of the wrecker within the meaning of the Pasadena ordinance and, therefore, could not be involved in a conspiracy to evade provisions of the permit ordinance. *Timmers Chevrolet, Inc. v. Carroll*, 582 S.W.2d 473, 476 (Tex.Civ.App.—Beaumont 1979) aff'd in part, rev'd in part, 592 S.W.2d 922 (Tex.1979). The Supreme Court reversed the decision of the Beaumont Court as to one of the defendants but affirmed as to Timmers. The reasoning of the Supreme Court differed from that of the Beaumont court. The Supreme Court held that even if one assumed the existence of a conspiracy among Timmers and the other defendants, and if one impliedly as-

sumed the "ownership" of the wrecker by Timmers as found by the jury, Timmers could not be held liable because the negligent act complained of was not in furtherance of the conspiracy. By the same reasoning Timmers could not be liable as the "owner" of the wrecker. *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 928 (Tex.1979).

After these appellate opinions, Appellees filed Motions for Judgment. Appellant asserted both below and now that the finding of the jury as to the "ownership" of the wrecker by Timmers was left undisturbed by the Supreme Court, and that, therefore, the driver of the wrecker was an omnibus insured under the policies issued to Timmers by Appellees. Appellees contended that the holding of the Beaumont Court as to Timmers's "ownership" of the wrecker constitutes the "law of the case" in that the Supreme Court affirmed the judgment of the Beaumont Court as to Timmers. The trial court agreed and rendered judgment in favor of the Appellees.

Appellees also contend that the meaning of the term "owner" as used in the insurance policies is not the same as that in the Pasadena wrecker permit ordinance or in the jury's finding of "ownership" under that ordinance. We agree. The term "owner", appearing in a liability insurance policy, is a term of common use with no special legal or technical meaning. *Pritchett v. Highway Ins. Underwriters*, 158 Tex. 116, 309 S.W.2d 46 (1958). Use of the term "owner" in a liability insurance policy, without more, cannot render the language in the policy ambiguous; therefore, Appellant's contention that language in such policies must be interpreted favorably to the insured is without merit. *Western Reserve Life Ins. Co. v. Meadows*, 152 Tex. 559, 261 S.W.2d 554 (1953); *General American Indemnity Co. v. Pepper*, 161 Tex. 263, 339 S.W.2d 660 (1960). An attempt to construe the word "owner" as used in the insurance policies issued to Timmers in accordance with the special definition in the Pasadena wrecker permit ordinance would distort the plain and common meaning of the term.

Although applicable statutes in force at the time of the making of an insurance contract must be considered as part of the contract and considered as modifying any inconsistent terms or provisions, the Pasadena ordinance is not an applicable statute. Only statutes bearing on the subject matter of insurance contracts, or which define the rights and liabilities of parties to such contracts, need be considered as applicable. *National Mut. Casualty Co. v. Lowery,* 136 Tex. 188, 148 S.W.2d 1089 (1941); *Harkins v. Indiana Lumbermens Mut. Ins. Co. of Indianapolis,* 234 S.W.2d 430 (Tex.Civ.App. —Galveston 1950, no writ). The holding of the jury in the primary suit, regarding the "ownership" of the wrecker by Timmers, is, therefore, not determinative of the liability of the Appellees on the insurance policies issued to Timmers and will not support the position that the driver of the wrecker was an omnibus insured under the provisions of those policies.

Appellant's points of error are overruled. The take-nothing judgment of the court below is affirmed.