**In the Interest of D.A.P.**

**No. 14–06–00975–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 26, 2008.

Keith Alexander Gross, Kemah, for appellant.

Rosalind W. Curtis, Pasadena, Sallee S. Smyth, Richmond, Veronica Bridget Dorsey, Houston, for appellees.

Panel consists of Justices FOWLER, FROST, and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

In this suit affecting the parent-child relationship, the trial court issued an order pertaining to child custody and support. Appellant, Joni Lynn Bishop, appeals the trial court's decision regarding custody. In three issues, Bishop contends the trial court (1) lacked subject-matter jurisdiction to modify a Washington state court custody order, (2) violated her due process rights by modifying a child custody order without providing notice or a hearing, and (3) lacked personal jurisdiction to modify parental rights previously determined by a Washington state court. The trial court's unchallenged child support order is affirmed. We reverse and remand the trial court's order pertaining to custody of D.A.P.

## I. BACKGROUND

On July 10, 1998, the Superior Court of Yakima County, Washington entered a decree dissolving the marriage of Joni Bishop and appellee, Antonio Piccardo, who are the natural parents of D.A.P. The Washington court found Piccardo substantially refused to perform parenting functions or willfully abandoned D.A.P. The Washington court further found that Piccardo's involvement or conduct adversely affected D.A.P.'s best interests because of the absence or substantial impairment of emotional ties. Under the Washington decree, D.A.P. was to reside with Bishop during the school year and all holidays. Any visitation by Piccardo would be at Bishop's discretion, and Bishop was granted the sole right to make major decisions regarding D.A.P.'s education, health care, and religious activity. However, the Washington state court did not order payment of child support, ostensibly because it did not have personal jurisdiction over Piccardo.

On December 7, 2005, the Attorney General of Texas filed a petition in the District Court of Harris County, Texas, seeking a child support order against Piccardo. The State alleged that Piccardo is the father of D.A.P. Additionally, the State alleged that D.A.P. resides in Washington state with Bishop. Piccardo filed an original answer and a counter-suit seeking a modification of the Washington custody order. In his counter-suit, Piccardo alleged that D.A.P. resided in Harris County, Texas and stat-

ed that Texas courts had jurisdiction over the parties. He requested that the Texas trial court render a standard possession order.

On June 6, 2007, the Texas trial court held an unrecorded hearing and rendered a decision on the merits of the petition and counter-petition. The Texas court found Piccardo was the father of D.A.P. and owed a duty of support and entered an order requiring Piccardo to pay child support. Additionally, the Texas court appointed Bishop and Piccardo as joint managing conservators of D.A.P. and entered a standard possession order.

Subsequently, Bishop filed a motion for new trial. The motion was overruled by operation of law. This appeal ensued.

## II. SUBJECT-MATTER JURISDICTION

■ In her first issue, Bishop contends this court should vacate the trial court's custody order because the trial court lacked subject-matter jurisdiction to modify the Washington court's custody order. As explained below, on the record before us, we cannot grant this relief.

■ The trial court has subject-matter jurisdiction to modify a custody order of a foreign court if there are sufficient facts satisfying the requirements of section 152.203 of the Family Code. *See* Tex. Fam. Code Ann. § 152.203 (Vernon 2002 & Supp.2008). Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex.2007). Generally, absent a complete record of the proceedings, reviewing courts must presume that the evidence before the trial judge was adequate to support the decision. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987); *see, e.g., Middleton v. Nat'l Family Care Life Ins.*

*Co.*, No 14–04–00428–CV, 2006 WL 89503, at *2 (Tex.App.–Houston [14th Dist.] Jan. 17, 2006, pet. denied) (mem.op.) (holding that, because appellate record did not contain a complete trial record, appellate court would presume omitted portions are relevant to disposition of appeal and support trial court's judgment); *Robertson v. Tex. Dep't of Transp.*, No. 03–00–00167–CV, 2000 WL 1228025, at *1–2 (Tex.App.–Austin Aug. 31, 2000, no pet.) (not designated for publication) (holding that, in case in which parties agreed no record would be made of the proceedings during one day of a bench trial, appellate court did not have a complete record due to the absence of a record from that day and that, absent an agreed record or compliance with Rule 34.6(c) of the Rules of Appellate Procedure, appellate court will presume the omitted portions of the record support the trial court's judgment).

■ Texas has adopted the Uniform Child Custody Jurisdiction and Enforcement Act ("Uniform Act") which governs subject-matter jurisdiction of courts that deal with child custody disputes. *See* Tex. Fam.Code Ann. §§ 152.001–.371 (Vernon 2002 & Supp.2008). Generally, under the Uniform Act, the court that makes the initial child custody determination will retain exclusive continuing jurisdiction over ongoing custody disputes. *Saavedra v. Schmidt*, 96 S.W.3d 533, 541–42 (Tex.App.–Austin 2002, no pet.). Texas state courts lack subject-matter jurisdiction to modify the child custody determinations of a court in another state unless the requirements of section 152.203 of the Family Code are satisfied. *See* Tex. Fam.Code Ann. § 152.203.

Under section 152.203, a Texas court must have jurisdiction under section 152.201(a)(1) or (a)(2) of the Family Code.

Tex. Fam.Code Ann § 152.203.[1] In addition, one of the following provisions must be satisfied: (1) the court of the other state must determine it no longer has exclusive continuing jurisdiction or that a Texas court would be a more convenient forum; or (2) a Texas court or a court of the other state must determine that the child, the child's parents, and any person acting as a parent do not presently reside in the other state. Tex. Fam.Code Ann. § 152.203; *In re S.L.P.*, 123 S.W.3d 685, 688 (Tex.App.–Fort Worth 2003, no pet.).

Therefore, there are potential fact patterns under which the trial court could have jurisdiction under the Uniform Act. Although Bishop alleges in her brief that she currently lives in Washington with D.A.P., arguments in briefs are not evidence. *Castano v. San Felipe Agric., Mfg., & Irr. Co.*, 147 S.W.3d 444, 452–53 (Tex.App.–San Antonio 2004, no pet.). Neither Piccardo's pleadings nor Bishop's evidence affirmatively negate jurisdiction of the Texas court under section 152.203 to modify the Washington court's custody order. As explained below, Bishop was not served with process and did not appear in the trial court prior to judgment; therefore, she was not able to object to the failure to make a record of the proceedings in the trial court. Nonetheless, in the absence of a record of the trial proceedings, this court still presumes that evidence was presented to the trial court supporting the existence of facts under which the trial court would have subject-matter jurisdiction. *See* Tex. Fam.Code Ann. § 152.203; *Simon*, 739 S.W.2d at 795. Accordingly, we overrule Bishop's first issue.

### III. SERVICE OF PROCESS

■ Under her second issue, Bishop complains that the trial court modified her child custody rights even though she had not been served with process, had not waived process, and had not voluntarily appeared. We review a trial court's denial of a motion for new trial for abuse of discretion. *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex.1994). Absent a showing of an abuse of discretion, we will not disturb a trial judge's ruling. *Id.* A trial court abuses its discretion if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992).

In this case, the Attorney General sued and served Piccardo seeking a child support order as to Piccardo's child, D.A.P. To obtain this relief, it was necessary for the Attorney General to obtain service of pro-

---

1. Sections 152.201(a)(1) and (a)(2) provide that Texas is allowed to make an initial custody determination when:

> (1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
> (2) a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum ... and:

> (A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
> (B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships[.]

Tex. Fam.Code Ann. § 152.201. The Family Code defines "home state," in pertinent part, as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." Tex. Fam.Code Ann. § 152.102(7).

cess or the appearance of Piccardo. *See Kulko v.Super. Ct. of Cal.*, 436 U.S. 84, 91–92, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *In re S.A.V.*, 837 S.W.2d 80, 83 (Tex.1992). Accordingly, Piccardo was served with process. The Attorney General sought no relief against Bishop, D.A.P.'s mother. Therefore, it was unnecessary for the Attorney General to obtain service of process or the appearance of Bishop, and the Attorney General's Office stated that it was not requesting issuance or service of process on Bishop. *See Kulko*, 436 U.S. at 91, 98 S.Ct. 1690; *In re S.A.V.*, 837 S.W.2d at 83.

Piccardo filed a counter-suit seeking a child-custody order, in which Piccardo would be granted a standard possession order. The Texas Supreme Court has held that a party seeking such child custody relief against a former spouse need not show that the former spouse has sufficient minimum contacts with Texas such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *See In re S.A.V.*, 837 S.W.2d at 84; *see also* Tex. Fam.Code Ann. § 152.201(c) ("Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination."). Nonetheless, even though due process may not require the minimum contacts analysis, Texas procedural law and constitutional due process require that Bishop be served, waive service, or voluntarily appear before judgment pertaining to custody of her minor child may be rendered. *See* Tex.R. Civ. P. 124 (stating "[i]n no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules"); *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–86, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) (holding that rendition of judgment against defendant without service of process violated the Due Process Clause of the United States Constitution); *Kao Holdings, L.P. v. Young*, 261 S.W.3d 60, 61–62 (Tex. 2008) (noting that, under Texas Rule of Civil Procedure 124 and under constitutional concepts of due process, in no case shall judgment be rendered against any defendant unless upon service, or waiver of service, or upon an appearance by the defendant, except where otherwise expressly provided by law).

In her motion for new trial, Bishop asked the trial court to set aside its final order because it was rendered without service or her appearance. In support of her supplemental motion for new trial, Bishop testified that she had not been served with process. Bishop requested that the clerk of the trial court include in the appellate record all requests for service of process. The only process request included in our record is a request for issuance and service of process on Piccardo. The record also reflects that Bishop did not waive service of process or voluntarily appear before the trial court rendered its final order. Furthermore, the trial court's order indicates Bishop had not been served and did not enter an appearance before the final order was signed. In the order, the trial court stated that Bishop is the mother of D.A.P., and the court rendered a child-custody order regarding D.A.P. The court stated that Piccardo made an appearance, however, it did not state that Bishop made an appearance. Likewise, though the trial court stated that it had jurisdiction over Piccardo, it did not state that it had jurisdiction over Bishop. The Attorney General, Piccardo, and Piccardo's attorney signed the trial court's order, but there is no signature or space for a signature by Bishop or her attorney.

In sum, the record in this case shows that Bishop had not been served with process, had not waived service of process, and did not voluntarily appear before the trial court conducted the trial and rendered its final order regarding custody. Therefore, the trial court erred in modifying the Washington child custody order. Consequently, the trial court abused its discretion by denying Bishop's motion for new trial in this regard. Because we reverse the trial court's order as to Piccardo's claims against Bishop, this appeal does not prejudice Bishop's ability, on remand, to argue, as she does in this appeal, that the trial court does not have jurisdiction over the child custody issues under the Uniform Act.

Accordingly, we sustain Bishop's second issue, reverse the portion of the order pertaining to issues of child custody, and remand for further proceedings consistent with this opinion.[2] Because no party has appealed the portion of the order pertaining to issues of child support, we affirm the portion of the trial court's order imposing a duty of child support on Piccardo.[3]

---

**2.** Having sustained Bishop's second issue, her third issue is rendered moot.

**3.** As stated above, a court with personal jurisdiction over a potential obligor may enter an enforceable child support order. *See In re S.A.V.,* 837 S.W.2d at 83 (citing *Kulko,* 436 U.S. at 91, 98 S.Ct. 1690) (holding claims for child support are like claims for debt in that they seek a personal judgment establishing a direct obligation to pay money, a valid judg-

ment for child support may be rendered only by a court having jurisdiction over the person of the defendant). It is undisputed that the trial court had personal jurisdiction over Piccardo. Piccardo is a Texas resident, and he submitted to the jurisdiction of the court by filing his original answer and counter-petition. Accordingly, the court had jurisdiction to enter an order obligating Piccardo to pay child support for D.A.P.