NO. 07-10-0478-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 18, 2012

_____


VICTOR MONTES, JR. D/B/A M&M PLASTERING,
AS PRESIDENT OF M&M PLASTERING, APPELLANT

V.

DYREL WELLS, APPELLEE


_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 61,063-B; HONORABLE JOHN BOARD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**


Appellant, Victor Montes, Jr. d/b/a M&M Plastering, as President of M&M Plastering, appeals from a judgment entered in favor of Dyrel Wells in Wells's action for breach of a construction contract. In support, Montes asserts the trial court erred by denying him a new trial when his right to due process had been violated. We affirm.

**BACKGROUND**

On April 24, 2009, Wells filed suit alleging that Montes committed common law fraud and breach of contract in connection with stucco work performed by Montes in August of 2008, at Wells's residence. Wells sought a variety of damages including attorney's fees. On May 13, 2009, at 1:45 p.m., Montes was served a copy of Wells's petition. That same day, at 4:40 p.m., Montes filed a *Suggestion of Bankruptcy,* wherein he indicated that he filed a bankruptcy petition in federal bankruptcy court and "relief was ordered on August 22, 2005."[1] Montes did not otherwise file a written answer.

More than a year later, in July 2010, the trial court issued an *Order for Referral for Mediation,* establishing a process and timeline by which the parties would mediate their differences. Mediation was scheduled for September 14, 2010, and all parties were notified by mail. That same month, Wells's attorney sent a letter to the trial court confirming a non-jury trial setting scheduled for September 30, 2010. Montes was copied with that letter.

On August 24, Montes filed a *pro se Motion for Continuance* requesting an indefinite continuance due to "[i]nadequate legal representation" and a "meeting with out of state legal counsel scheduled for Tuesday October 19, 2010." Montes's motion was denied by the trial court on August 30. On September 14, the scheduled mediation was

---

[1]No explanation was ever given as to how the 2005 bankruptcy proceeding had anything to do with a claim arising in 2008. Furthermore, as will become significant later, the address supplied by Montes in his *Suggestion of Bankruptcy,* is identical to that stated in Wells's *Original Petition and Request for Disclosure,* subsequent pleadings in the trial court and Montes's brief filed in this Court.

held by the Director of the Dispute Resolution Center for the Panhandle Regional Planning Commission, however, Montes did not attend.

On September 23, the trial court's administrator mailed a letter to Wells's attorney and Montes indicating that the "trial on the merits" was reset for September 27 at 11:00 a.m.[2] In its *Final Judgment* executed on November 1, the trial court granted a judgment in favor of Wells and stated the following, in pertinent part:

> A trial in this cause was held on September 27, 2010. DYREL WELLS, Plaintiff herein, appeared and announced ready for trial. VICTOR MONTES, JR. d/b/a M&M PLASTERING, as President of M&M PLASTERING, Defendant herein, *although duly notified,* did not appear and wholly made default. Plaintiff moved for a default judgment. *The Court further finds that Defendant entered a general appearance in this cause and was notified of this hearing.* A jury was not requested and the Court decided all fact questions. The Court determined it had jurisdiction over the subject matter and the parties in this proceeding. After considering the pleadings, the papers on file in this case, and the evidence Plaintiff presented on liability, damages and attorney fees, the Court grants Plaintiff's motion for default judgment and the Court enters judgment as follows . . . .

Emphasis added.

On November 18, Montes noticed his appeal and, on December 1, he filed a *Motion to Set Aside Default Judgment and Request for Hearing.*[3] In support of his motion, he "alleged" that, among other things, he did not receive notice of a trial but that, "if [he] had received notice from a process server or summons," he would have attended. He also asserted that Wells's claims were "without merit," Wells owed him

---

[2]Although Montes was a *pro se* litigant, he was bound by the trial court's order setting the case for trial as if he was represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978).

[3]Contrary to the title of Montes's pleading, that portion of his motion requesting a hearing be scheduled was blank.

$2,500.00, "there [was] both deception and corruption on how this entire case was handled," and there were "no factual disputes of the bogus claims made by [Wells]." That motion was not determined by written order signed within seventy-five days after the judgment was signed and it overruled by operation of law. Tex. R. Civ. P. 329b(c).

On March 8, 2011, this Court's Clerk sent a letter to the trial court's court reporter indicating that the court reporter's record was overdue and requested its status.[4] The court reporter responded, requested an extension and indicated that Montes had not paid or made arrangements to pay for the record. The court reporter indicated the record covered one day of testimony.

On March 22, this Court's Clerk, sent the court reporter the following letter and copied Montes, the trial court and Wells's attorney:

> The reporter's record in the captioned appeal was due to be filed on March 1, 2011. By Order of the Court, the request for an extension of time to filed the reporter's record is granted. The record is due on or before Friday, May 06, 2011.
>
> The Court directs appellant's counsel to certify to the Clerk of this Court in writing, whether Rules 34.6(b)(1) and 35.3(b) have been complied with; if so, the date of compliance, and if not, a reasonable explanation for the noncompliance. The certification is due on or before Monday, April 11, 2011. Failure to comply with the Court's direction may result in the deadline for filing appellant's brief being set with any points or issues raised that do not require a reporter's record being considered and decided. Tex. R. App. P. 37.3(c).

On May 10, this Court's Clerk sent a second letter indicating that its extension of time in which to file the reporter's record due to nonpayment had lapsed without any

_____

[4]A copy of this letter was sent to the trial court, Wells's attorney and Montes at their respective address of record.

4

response from Montes and, consequently, the reporter's record was deemed filed as of May 6. Thereafter, the parties filed their briefs.[5]

## DISCUSSION

Montes asserts the trial court erred by denying his motion for a new trial because he was denied due process, i.e., he did not receive notice of the trial setting. *See Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex.App.—Houston [1st Dist.] 2004, pet. denied) ("A defendant who makes an appearance following service of process is entitled to notice of the trial setting as a matter of constitutional due process.")

### STANDARD OF REVIEW

The trial court's decision on a motion for new trial is reviewed for abuse of discretion. *See In the Interest of R.R.,* 209 S.W.3d 112, 114 (Tex. 2006). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding rules and principles. *See Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997).

### NEW TRIAL

A party is entitled to a new trial when his or her failure to appear at trial is due to a failure to receive notice of the trial setting. Tex. R. Civ. P. 245; *In the Interest of A.D.A.,* 287 S.W.3d 382, 387 (Tex.App.—Texarkana 2009, no pet.). However, we

---

[5]Both parties attached appendices to their briefs. An appellate court cannot consider documents cited in a brief and attached as appendices if they are not formally included in the record on appeal. *In the Matter of the Estate of Bendsten*, 230 S.W.3d 823, 830 (Tex.App.—Beaumont 2002, pet. denied); *Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex.App.—Dallas 2006, no pet.). Moreover, arguments in briefs are not evidence. *In the Interest of D.A.P.*, 267 S.W.3d 485, 488 (Tex.App.—Houston [14th Dist.] 2008, no pet.).

presume a trial court will hear a case "only when notice has been given to the parties." *Id.* (quoting *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex.App.—Fort Worth 2003, no pet.)). It is the appellant's duty to overcome this presumption. *Id.* Moreover, a recitation of due notice of the trial setting in the judgment constitutes some, but not conclusive, evidence that proper notice was given. *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex.App.—Houston [1st Dist.] 1997, writ denied). If a judgment recitation is effectively rebutted by other evidence in the record, this presumption of proper notice is no longer applicable. *Id.* In our determination, we look to all the evidence contained in the record. *In the Interest of R.R.,* 209 S.W.3d at 116 (citing *Director, State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 268 (Tex. 1994)).

Here, the evidence of record indicates Montes was first notified that a trial on the merits would be held by a letter sent by Wells's attorney to the trial court on which Montes was copied.[6] The record also reflects that Montes received this notice because he subsequently attempted to continue the trial setting by filing a motion for continuance on August 24, 2010. The record also indicates Montes was notified a second time that a trial on the merits would be held when the trial court sent a letter to the parties indicating that the trial on the merits was reset for September 27, 2010.[7] In addition, in its *Final Judgment,* the trial court expressly found "that [Montes] entered a general appearance in this cause and was notified of this hearing."

---

[6]The letter indicates it was drafted by Wells's attorney on July 27, 2010, mailed to Montes at his address of record, and filed with the trial court on August 4, 2010.

[7]Notice by mail is reasonable. *Hilal v. Gatpandan*, 71 S.W.3d 403, 407 (Tex.App.—Corpus Christi 2001, no pet.). This notice was also mailed to Montes at his address of record.

Montes, on the other hand, submitted an affidavit in support of his motion for a new trial that "alleged" he did not receive notice of a trial but, "if he had received notice from a process server or summons," he would have attended. This statement infers that, if he received the notice by mail, as the record suggests, he would not have appeared because it was not delivered by a process server or in the form of a summons.[8] Moreover, there is no statement in Montes's motion that he did not receive the letter or that the letter was returned to the trial court as undeliverable. There is evidence, however, that Montes received notification of the first setting of a trial on the merits via a letter sent by Wells's attorney and his affidavit indicates that he received notice of the mediation, the denial of his motion for continuance and the judgment. In sum, Montes's motion for a new trial failed to controvert the evidence of record or rebut the presumption in favor of the trial court's finding that he had received proper notice.

Given that the record reflects Montes received notice of, not only the first setting of trial on the merits, but its resetting as well, and the trial court's specific finding in its *Final Judgment* that Montes received notice of the second setting, it was incumbent upon Montes to supply the trial court with some evidence that no notice was received aside from the vague allegation in support of his motion for a new trial. *See, e.g., Fidelity and Guaranty Ins. Co. v. Drewery Const. Co.,* 186 S.W.3d 571, 575 (Tex. 2006).

---

[8]Although *pro se*, Montes is presumed to know the law. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 n. 3 (Tex. 1990); *Dewhurst v. Gulf Marine Inst. of Tech.,* 55 S.W.3d 91, 97 (Tex.App.—Corpus Christi 2003, pet. denied). "While it is true that *pro se* pleadings and briefs are to be liberally construed, a *pro se* litigant is still required to comply with the law and rules of procedure." *Giddens v. Brooks,* 92 S.W.3d 878, 880-81, (Tex.App.—Beaumont 2002, pet. denied). "There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves." *Mansfield State Bank,* 573 S.W.2d at 184-85.

In addition, we have no reporter's record before us because Appellant failed to satisfy the requirements of Rule 35.3 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 35.3(b)(1)-(3). Specifically, Montes did not respond to this Court's letter of March 22, 2011, wherein an extension to file a reporter's record was granted until May 6, and we requested a reasonable explanation if compliance could not be attained.[9] *See* Tex. R. App. P. 35.3(c). As a result, "we will not only continue to presume that the missing record supports the trial court's determination but also forego reviewing the dispute as authorized under appellate rule 37.3(c)." *In re the Marriage of Spiegel,* 6 S.W.3d 643, 645-46 (Tex.App.—Amarillo 1999, no pet.). *See Sam Houston Hotel, L.P. v. Mockingbird Restaurant, Inc.*, 191 S.W.3d 720, 720 (Tex.App.—Houston [14th Dist.] 2006, no pet.) (citing *Bennett v. Cochran,* 96 S.W.3d 227, 229 (Tex. 2002)). *See also* Tex. R. App. P. 37.3(c).

In light of the foregoing, we cannot say that the trial court's decision to deny Montes's motion for new trial was arbitrary, unreasonable, and without reference to guiding rules and principles. Appellant's single issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle<br>
Justice

---

[9]Because no response was filed and the deadline for filing the reporter's record lapsed, we notified Montes by letter dated May 10, that we deemed the reporter's record filed as of May 6.