**Affirmed and Memorandum Opinion filed September 22, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-01144-CV

### WILLIAM KARRINGTON, TRUSTEE, JANMARK VENTURES, DAVID JOACHIM, CLARK SIMMONS AND H.S. JOACHIM FAMILY LIMITED PARTNERSHIP, LTD, Appellants

### V.

### KOBERNICK & KLEIN FAMILIES 2000 TRUST, Appellee

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-49090**

## M E M O R A N D U M   O P I N I O N

Appellants William Karrington, Janmark Ventures, David Joachim, Clark Simmons, and H.S. Joachim Family Limited Partnership, Ltd. sued Mitchell J. Kobernick, Allan Klein, and appellee Kobernick & Klein Families 2000 Trust.[1] The parties made an agreement under Texas Rule of Civil Procedure 11 to dismiss

---

[1] Although the Trust filed a notice of appeal in this case, it did not file a brief seeking any change in the judgment.

the claims against Kobernick and Klein from the suit and to submit several issues to the trial court. After a bench trial, the trial court signed a judgment deciding those issues. Appellants argue the trial court erred because the judgment failed to give effect to a portion of the Rule 11 agreement. Appellants have not shown error because they failed to provide a complete record and the trial court made clear that nothing in its ruling was intended to alter the Rule 11 agreement. We therefore affirm.

## BACKGROUND

This case stems from a lawsuit involving several partners in Hilcom Mezz Texas, Ltd. A jury trial was set, but on March 8, 2012, the parties read a Rule 11 agreement into the record that waived a jury trial and submitted several issues to the court for decision in a bench trial. One of those issues was whether payments made under one paragraph of section 14.08 of the partnership agreement modified that paragraph and three similar paragraphs.

The pertinent paragraphs of the partnership agreement are 14.08(a)(i), 14.08(a)(iv), 14.08(a)(vii), and 14.08(a)(xii). All four provide for payment of a sum of money according to the following distribution scheme: Allen Klein 25.25%; Mitchell Kobernick 25.25%; William Karrington, Trustee 18.75%; David Joachim 17.75%; H.S. Joachim Family Limited Partnership 5.0%; Janmark Ventures 5.0%; Mary Harberg, Trustee 3.0%.

At the time of the March 8 hearing, a $784,000 payment due under paragraph 14.08(a)(i) already had been distributed. In discussing the issues to be submitted to the court, the Trust's counsel told the trial court:

> We're questioning how it got distributed. That is, we believe that it should [have] been modified by [section 3.04 of the partnership agreement]. It was not done at that time that way, however. So we need to know what the partnership agreement says with regards to

2

that. They also want—since that paragraph (i) is a cut and paste to . . . (iv) . . . whatever the answer is to (i) has got [to] be the same answer to [(iv)] . . . Then is there another place? Is that not the same on— won't that effect [(vii)] as well? Is that not the exact same language in . . . (vii)?

Appellants' counsel responded that both 14.08(a)(vii) and 14.08(xii) contain the same distribution language. The Trust's counsel then stated: "The lawyer's cut and pasted [the language] three times. So we need to know the answer to that, because of the way [section 14.08] interfaces with [section] 3.04. So that's the legal question, we believe. . . . [H]owever, it may be a fact question as to a subsequent modification." The Trust's counsel continued:

> Again, the legal issue there would [be] a subsequent modification, the subsequent modification you would have to—would be an interpretation of the partnership agreement. And if there is, if there is a fact question whether [the agreement] was properly modified or not, that would be, again, a fact question we would expect you to decide and then go back and answer the legal question, how would the modification under the partnership agreement work.

A bench trial occurred on March 12, and the trial court issued its rulings the following day. With respect to these provisions, the court ruled that the $784,000 distribution under paragraph 14.08(a)(i) was not made according to the partnership agreement but was approved by the parties after the fact. The court also ruled, however, that section "14.08 . . . has not been otherwise modified" and that the "modification found by this Court was a one-time modification for the purpose of distributing $784,000."

Appellants filed a motion for partial reconsideration arguing, among other things, that the parties' Rule 11 agreement required the trial court to find that 14.08(a)(iv), (vii), and (xii) likewise had been modified. The trial court signed an order denying appellants' motion and clarifying its ruling as follows: "Nothing about the ruling was intended to alter any stipulation or agreement made by

3

counsel on the record as to the effect of the [c]ourt's ruling on paragraphs 14.08(a)(i), (iv), and (xii) of the [partnership] agreement."[2]

Appellants filed a motion to enforce the Rule 11 agreement. The trial court signed a final judgment that incorporated its earlier rulings and clarifying order. Appellants then filed a motion for new trial and to modify the judgment. In response, the trial court signed another final judgment that similarly incorporated its earlier rulings and clarifying order. The court also denied appellants' motion to enforce and the motion for new trial. This appeal followed.

## ANALYSIS

On appeal, appellants contend that the parties entered into a valid Rule 11 agreement and that the trial court erred by altering and failing to give effect to that agreement in its final judgment. Rule 11 of the Texas Rules of Civil Procedure states: "Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex. R. Civ. P. 11. Once the parties enter into a valid settlement agreement under Rule 11, the trial court may render an agreed judgment based on the settlement agreement. *Padilla v. LaFrance*, 907 S.W.2d 454, 462 (Tex. 1995). The law of contracts applies to Rule 11 agreements. *Id.* at 460.

Appellants argue that the Rule 11 agreement included a stipulation that if the trial court ruled paragraph 14.08(a)(i) had been modified, the trial court would have to find that paragraphs 14.08(a)(iv), 14.08(a)(vii), and 14.08(a)(xii) likewise had been modified. In appellants' view, the trial court's ruling that section 14.08 otherwise had not been modified is erroneous because it alters the effect of the parties' Rule 11 agreement.

---

[2] The trial court did not mention section 14.08(a)(vii) in this order.

To support their interpretation of the Rule 11 agreement, appellants rely on statements made by the Trust's counsel during the hearing indicating that "whatever the answer is to (i) has got [to] be the same answer to [(iv)]." Appellants emphasize that the three sections at issue follow the same distribution scheme and that the Trust's counsel stated during the hearing that the attorneys "cut and pasted [the language] three times." The Trust responds that the parties did not agree to that stipulation and that its counsel was merely stating appellants' position that "[t]hey also want" the court's ruling be the same for the four similarly worded provisions.

A bench trial was held after the hearing on the Rule 11 agreement. Initially, the court reporter informed appellants that the record from the bench trial could not be located, but after we abated the appeal for a determination on whether appellants were entitled to a new trial under Texas Rule of Appellate Procedure 34.6, the court reporter located her transcript of the bench trial. Appellants failed to pay for that transcript after receiving notice from this Court. Accordingly, the reporter's record of the bench trial is not part of our appellate record.

An appellant has the burden of bringing forward a sufficient record to show the trial court's error. *Aduli v. Aduli*, 368 S.W.3d 805, 819 (Tex. App.—Houston [14th Dist.] 2012, no pet.). In the absence of a complete record, certain presumptions apply unless the appeal is based upon a partial reporter's record. Appellants have not undertaken an appeal based upon a partial reporter's record under Texas Rule of Appellate Procedure 34.6(c). *See Bennett v. Cochran,* 96 S.W.3d 227, 229 (Tex. 2002). Therefore, because our appellate record does not contain a complete record of the bench trial, we presume the omitted portions are relevant to the disposition of this appeal and support the trial court's judgment. *See Wilson v. Patterson*, No. 14–10–00943–CV, 2011 WL 4924252, at *1 (Tex. App.—Houston [14th Dist.] Oct. 18, 2011, no pet.) (mem. op. not

designated for publication); *In re D.A.P.*, 267 S.W.3d 485, 487 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Given this presumption, appellants cannot demonstrate the trial court erred in ruling that the other similar paragraphs of section 14.08 had not been modified.

Moreover, in its order denying appellants' motion for partial reconsideration, the trial court made clear that nothing in its ruling was intended to alter the parties' Rule 11 agreement. The court reiterated this statement in its final judgment. In light of this clarification, appellants cannot show that the trial court altered the effect of the Rule 11 agreement by ruling that section 14.08 otherwise had not been modified. Regardless of whether the other similar paragraphs of section 14.08 had been modified, the parties certainly were free to stipulate among themselves that those paragraphs would be interpreted going forward according to the trial court's ruling on paragraph 14.08(a)(i).

We need not resolve the parties' disagreement about whether the Rule 11 agreement includes such a stipulation because doing so is not necessary to decide this appeal. *See* Tex. R. App. P. 47.1. Appellants have argued only that the trial court's final judgment failed to give effect to the Rule 11 agreement. Because we must presume that the missing portions of the record support the trial court's judgment, and in any event the judgment expressly states that it was not altering the agreement, we hold the trial court did not err. We overrule appellants' sole issue.

Having overruled appellants' issue, we affirm the judgment of the trial court.

/s/     J. Brett Busby
        Justice

Panel consists of Chief Justice Frost and Justices Busby and Brown.