

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00332-CV

Shunston **SEAFORTH**,
Appellant

v.

**LONE STAR CAPITAL ASSET INC.**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2025CV03319
Honorable Cesar Garcia, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:        Lori Massey Brissette, Justice
                Adrian A. Spears II, Justice
                Velia J. Meza, Justice

Delivered and Filed: May 13, 2026

AFFIRMED

In this forcible-detainer case, appellant Shunston Seaforth, proceeding pro se, argues the county court lacked jurisdiction to enter its judgment awarding possession of the property to appellee Lone Star Capital Asset Inc. He also raises several additional issues which we conclude are moot. After reviewing the record and the parties' briefs, we affirm the county court's judgment.

## BACKGROUND

Seaforth entered into a mortgage agreement for a residential property in Helotes, Texas. The lender foreclosed on the property, and Lone Star then purchased the property at a foreclosure sale. Lone Star filed an eviction petition in the justice court, and the justice court entered a judgment that Seaforth appealed to the county court. Following a bench trial, the county court entered a judgment awarding possession of the property to Lone Star and issued a writ of possession. The judgment did not award any damages or attorney's fees, and Seaforth did not supersede the judgment. The record includes a constable's return indicating the writ of possession was executed and possession was delivered to Lone Star. Seaforth timely appealed.

## DISCUSSION

Seaforth raises several issues on appeal. We first address Seaforth's arguments that the county court lacked jurisdiction to enter its judgment. Next, we address Seaforth's remaining issues, concluding they are moot.

### A. The County Court's Jurisdiction

Seaforth argues in two issues that the county court lacked subject-matter jurisdiction to enter its judgment. First, he argues Lone Star lacked standing to bring the forcible-detainer action because it failed to show valid title to the property. Second, he argues that because he challenged Lone Star's title by filing notices of lis pendens, a live title dispute left the county court without jurisdiction to award possession to Lone Star.[1]

---

[1] We review de novo questions of subject-matter jurisdiction, including standing. *Farmers Tex. Cnty. Mutual Ins. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020). Seaforth's challenge to the county court's jurisdiction to enter a judgment for possession "is not moot merely because [Seaforth] currently lacks possession and failed to supersede the judgment." *Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 854 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (citing *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006)).

Seaforth's arguments rely on the faulty premise that, for the plaintiff to have standing and for the county court to have subject-matter jurisdiction over the forcible-detainer action, the plaintiff must prove valid title to the property. Instead, standing requires that the plaintiff was personally injured, the injury was fairly traceable to the defendant's conduct, and the plaintiff's injury is likely to be redressed by the requested relief. *Heckman v. Williamson County*, 369 S.W.3d 137, 154 (Tex. 2012). The record shows Lone Star met these requirements. Lone Star alleged it purchased the property and Seaforth failed to vacate the premises, establishing a concrete injury to Lone Star and a real controversy between the parties that could be resolved by the court. *See id.*; *Bell v. Sun W. Mortgage Co., Inc.*, No. 14-22-00229-CV, 2023 WL 3964509, at *3 (Tex. App.—Houston [14th Dist.] June 13, 2023, pet. denied) (mem. op.) (concluding that "allegations and the attachments to the petition suffice to show" standing in forcible-detainer action).

Likewise, proof of title is not required for a county court to have subject-matter jurisdiction over a forcible-detainer action. *Howe Jordan v. Carole Ann Taggart Tr.*, No. 05-23-00417-CV, 2025 WL 251337, at *2–3 (Tex. App.—Dallas Jan. 21, 2025, no pet.) (mem. op.). "The detainer action is intended to be a speedy, inexpensive, summary procedure for obtaining possession without resorting to a suit on the title[.]" *Alanis v. Wells Fargo Bank Nat'l Ass'n*, 616 S.W.3d 1, 8 (Tex. App.—San Antonio 2020, pet. denied) (citing *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)). The only issue in a forcible-detainer action is the right to actual and immediate possession of the property. *Marshall*, 198 S.W.3d at 787 ("Judgment of possession in a forcible-detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession."); *see also* TEX. PROP. CODE §§ 24.001–.002. Thus, to prevail, the plaintiff "is not required to prove title but is only

required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Jordan*, 2025 WL 251337, at \*2.

County courts have jurisdiction on appeal from a justice court for a de novo trial in forcible-detainer actions, but they do not have jurisdiction to adjudicate questions of title. *Hinojosa v. Fin. of Am. Reverse, LLC*, No. 04-19-00787-CV, 2021 WL 1199045, at \*1 (Tex. App.—San Antonio Mar. 31, 2021, no pet.) (mem. op.). Therefore, the county court here had jurisdiction over the forcible-detainer action unless the record shows the action "presents a genuine issue of title so intertwined with the issue of possession" that the county court "would be required to determine title before awarding possession[.]" *Id.* at \*2.

Seaforth's assertions that Lone Star did not have valid title to the property do not suffice to present such an issue. *See Riley v. Deanda*, 706 S.W.3d 578, 582 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (noting "county courts are not deprived of jurisdiction by the mere existence of a title dispute"); *Hinojosa*, 2021 WL 1199045, at \*2; *Lua v. Capital Plus Fin., LLC*, 646 S.W.3d 622, 630 n.3 (Tex. App.—Dallas 2022, pet. denied) ("Challenges to the validity of a foreclosure sale do not deprive the justice court or county court of jurisdiction."). Seaforth has not shown he met his burden at trial to "provide specific evidence of a genuine title dispute that is intertwined with the issue of immediate possession" to defeat the county court's jurisdiction. *In re Catapult Realty Capital, L.L.C.*, No. 05-19-00109-CV, 2020 WL 831611, at \*8 (Tex. App.—Dallas Feb. 20, 2020, no pet.) (mem. op.). Indeed, there is no reporter's record of the bench trial, and the record reflects that Seaforth did not request and the county court did not issue findings of fact and conclusions of law.[2] Consequently, "we presume the evidence supports all implied findings

---

[2] Furthermore, Seaforth's brief contains no citations to the appellate record. *See* TEX. R. APP. P. 38.1(d), (g), (h), (i). "An appellant waives error when [he] does not provide appropriate citations to authorities or to the record." *Ashley Furniture Indus. Inc. ex rel. RBLS Inc. v. Law Office of David Pierce*, 311 S.W.3d 595, 597 (Tex. App.—El Paso 2010, no pet.).

necessary to support the trial court's judgment." *Gonzales v. Deutsche Bank Nat'l Tr. Co.*, No. 05-19-00762-CV, 2020 WL 7239549, at *2 (Tex. App.—Dallas Dec. 9, 2020, no pet.) (mem. op.) (affirming judgment in forcible-detainer action with no reporter's record or findings of fact and conclusions of law).

Therefore, Seaforth has not presented sufficient record evidence to "affirmatively negate" the county court's jurisdiction. *In re D.A.P.*, 267 S.W.3d 485, 488 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see id.* ("[I]n the absence of a record of the trial proceedings, this court still presumes that evidence was presented to the trial court supporting the existence of facts under which the trial court would have subject-matter jurisdiction."); *Catapult Realty*, 2020 WL 831611, at *8. We overrule Seaforth's issues challenging the county court's jurisdiction.

### B. Seaforth's Remaining Issues On Appeal

Before addressing Seaforth's remaining issues, we have a duty to examine our own jurisdiction to review them. *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 865 (Tex. App.—Houston [14th Dist.] 2016, no pet.). In general, we lack jurisdiction to entertain moot controversies. *Briones v. Brazos Bend Villa Apts.*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.). An appeal of a judgment of possession in a forcible-detainer action becomes moot if the judgment is not timely superseded, the appellant is no longer in possession, and the appellant does not have a potentially meritorious claim of right to current, actual possession. *See Marshall*, 198 S.W.3d at 786–87.

Because Seaforth no longer has possession of the property and did not supersede the judgment, his remaining issues are moot unless they establish a potentially meritorious claim of right to current, actual possession. *See id.*; *Hous. Auth. of City of San Antonio v. Zambrano*, No.

04-24-00288-CV, 2025 WL 2058090, at *2 (Tex. App.—San Antonio July 23, 2025, no pet.) (mem. op.) ("[T]he appeal is moot if no potentially meritorious claim of right to current, actual possession of the property exists."). As noted above, because there is no reporter's record and the county court did not issue findings of fact and conclusions of law, "we presume the evidence supports all implied findings necessary to support the trial court's judgment." *Gonzales*, 2020 WL 7239549, at *2; *see Curry v. Tex. Dep't of Pub. Safety*, 472 S.W.3d 346, 349–50 (Tex. App.— Houston [1st Dist.] 2015, no pet.). That means we must presume the trial evidence established Lone Star has a "superior right to immediate possession." *Jordan*, 2025 WL 251337, at *2.

Because Seaforth "bears the burden to present a sufficient record to show error requiring reversal," but has failed to bring forth a reporter's record or written findings, Seaforth cannot show even a basis for a potentially meritorious claim to current possession. *See Curry*, 472 S.W.3d at 349; *Moore v. Moore*, No. 04-24-00367-CV, 2025 WL 470392, at *2 (Tex. App.—San Antonio Feb. 12, 2025, no pet.) (mem. op.) (stating an appellant "cannot prevail in any evidentiary challenge without first meeting his burden of presenting a sufficient record on appeal"); *Landaverde v. Gutierrez*, No. 01-19-00732-CV, 2020 WL 7251445, at *2 (Tex. App.—Houston [1st Dist.] Dec. 10, 2020, no pet.) (mem. op.) ("Without a record it is impossible for this Court to review the sufficiency of the evidence supporting Landaverde's remaining claims" in forcible-detainer action).[3]

---

[3] Seaforth alleges the county court violated his right to due course of law by issuing a writ of possession without an evidentiary hearing. But, the clerk's record reflects that a bench trial was held before the writ was issued. *See Reynoso v. Dibs US, Inc.*, 541 S.W.3d 331, 342 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (holding Texas forcible-detainer statute does not violate right to due course of law). Seaforth also asserts he was wrongfully evicted, which is a separate issue from the right to current, actual possession and is not relevant in forcible-detainer actions. *Marshall*, 198 S.W.3d at 787; *Devilbiss v. Burch*, No. 04-16-00711-CV, 2018 WL 2418476, at *2 (Tex. App.—San Antonio May 30, 2018, pet. denied) (mem. op.). He further alleges the county court "unlawfully ignored" several of his filings, improperly applied res judicata, and engaged in judicial misconduct. But he provides no record citations in support of these conclusory assertions. *See* TEX. R. APP. P. 38.1(d), (g), (h), (i). Finally, he alleges Lone Star violated the Texas Deceptive Trade Practices Act and engaged in abuse of process resulting in unjust enrichment, issues unrelated to the right to current, actual possession, the sole issue in forcible-detainer actions. *See Marshall*, 198 S.W.3d at 787.

Without the showing of a potentially meritorious right to current, actual possession, his remaining issues are moot, leaving us without jurisdiction to further entertain them. *See Briones*, 438 S.W.3d at 812. We reach this conclusion after reading Seaforth's pro se brief with "liberality and patience." *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 706 (Tex. 2021) (per curiam). We note that as a pro se litigant, Seaforth is "held to the same standards as a licensed attorney and must comply with all applicable procedural rules." *Elizondo v. Hilcorp Energy Co.*, No. 04-24-00714-CV, 2026 WL 100420, at *2 (Tex. App.—San Antonio Jan. 14, 2026, pet. denied) (mem. op.).[4]

## CONCLUSION

Based on the foregoing, we affirm the county court's judgment.

Lori Massey Brissette, Justice

---

[4] We struck Seaforth's initial brief for failing to comply with requirements of the Texas Rules of Appellate Procedure and ordered Seaforth to file an amended brief. After Seaforth timely filed an amended brief, we issued an order stating that the amended brief does not fully comply with the applicable rules, noting for example that the brief does not contain any citations to the appellate record as required by Rule 38.1. *See* TEX. R. APP. P. 38.1(d), (g), (h), (i). We warned Seaforth that the submission panel may determine he has waived one or more issues due to inadequate briefing if the deficiencies are not corrected prior to submission. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Seaforth did not file a second amended brief correcting the deficiencies.