## ASSOCIATED EMPLOYERS LLOYDS v. WYNN.

### No. 15138.

Court of Civil Appeals of Texas.
Fort Worth.
May 12, 1950.

. Cantey, Hanger, Johnson, Scarborough & Gooch, Emory Cantey, and Charles L. Stephens, all of Fort Worth, for appellant.

Mays & Mays, Clark & Craik, and J. Harold Craik, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellee claimed workmen's compensation for total and permanent general disability. Appellant sought to limit liability to the loss of a foot. Judgment for appellee was based on jury findings of total and permanent disability. Appellant presents three points of error on appeal.

■ Under the first point complaint is made of improper argument to the jury by appellee's counsel. The point must be overruled because of the insufficiency of the record to support the complaint. The complained of argument is not shown by a bill of exceptions. It has often been held that in the absence of a bill of exceptions the appellate court will not pass upon the argument or remarks of counsel as constituting reversible error. This is for the reason that the arguments do not ordinarily appear in the record unless preserved in a bill of exceptions duly authenticated by the trial judge, filed, and brought forward in the transcript. 3 Tex.Jur., p. 581; 3-A Tex.Jur. (Rev.), pp. 552–554; Texas Employers Ins. Ass'n v. Tate, Tex.Civ.App., 214 S.W.2d 877, writ ref. n. r. e.

■ Appellant sought leave, which we denied, to file a so-called supplement to the statement of facts, which was a document prepared by the official court reporter and certified by him as containing a "full, true and correct transcript of the closing argument of counsel for plaintiff to the jury." There was neither an agreement of counsel that it was correct, nor was there such certificate by the trial judge as would have constituted the document in effect a bill of exceptions. A similar document was held not entitled to consideration as a part of the appellate record in Hartford Accident & Indemnity Co. v. Ethridge, Tex.Civ.App., 149 S.W.2d 1040. The Supreme Court recently declared in Smith v. United Gas Pipe Line Co., Tex.Sup., 228 S.W.2d 139, 143, that "the proper way to preserve objections to improper argument is by bill of exception rather than by bringing up the court reporter's record of the argument as a part of or supplement to the statement of facts described in Rule 371, unless counsel agree on the latter method."

■ On oral argument of the appeal appellant's counsel suggested that since its motion for new trial set out the complained of argument, it might properly be presumed that appellant made proof to the trial court at the hearing of the motion for new trial that the argument was made, and that the act of the trial court in overruling the motion for new trial may be regarded as a finding in effect that the argument was made but was not erroneous. On rather elemental grounds this contention must be rejected. The order overruling the motion for new trial makes no mention of the complained of argument. For all we know, the motion for new trial may have been overruled on the ground that the argument was not made, or on the ground that it was provoked by the argument of appellant's counsel. It is a general rule of pleading, applicable to motions for new trial as well as to other pleadings, that a statement in a motion as to existence of a ground for new trial is not evidence as to the matter alleged. 31 Tex.Jur. 145; Southwestern Telegraph & Telephone Co. v. Riggs, Tex.Civ.App., 216 S.W. 403, affirmed in Tex.Com.App., 234 S.W. 875. We do not consider that the opinion in Airline Motor Coaches v. Howell, Tex.Civ.App. 195 S.W.2d 713, writ ref. n. r. e., supports appellant's suggestion but we think, on the contrary, that it supports the general rules we have referred to. There the order of the trial court overruling the motion for new trial referred to the offending argument and expressly adjudged that the argument was justified. The situation before us is not like the one in the cited case.

■ Complaint is made under the second point of error of the exclusion of certain evidence. Appellee's medical witness was Dr. Grice. It is appellant's contention that the doctor's testimony was to the effect that because of the amputation of his foot appellee was not able to do any manual labor. By way of rebuttal, appellant offered the testimony of a man who had suffered the amputation of a foot, and who offered to testify as to the kind of work he was doing. Appellant says that appellee undertook to show through his medical witness that a man who had lost a foot could not do manual labor, and that appellant had the right to offset such evidence by offering the testimony of a man who had lost his foot but who nevertheless was able to work. The witness was questioned in the absence of the jury, and his testimony is shown in the record. The trial court refused to

admit it. It is our holding that there was no reversible error in the exclusion of this evidence.

In the first place, we do not place the same interpretation on Dr. Grice's testimony that appellant places on it. When his testimony is examined as a whole, it is plain that the effect of it was that appellee could not, in the doctor's opinion, do manual labor because of the condition of his leg, and the intense pain that accompanied any effort to walk on the artificial foot which had been provided appellee. In other words, the doctor did not express the opinion that a man who had lost a foot could not do manual labor, although he did say that the ability to do manual labor would be limited. It is clear that his opinions were based on appellee's condition, and not on the mere fact that he had lost a foot. In appellant's cross-examination of Dr. Grice questions were asked which apparently sought to draw from the doctor a declaration that he was of the opinion that any man who had lost a foot would be unable to do manual labor, but a fair construction of the doctor's testimony does not give it the meaning attributed to it by appellant.

■ In the second place, we are unable to see that it was proper to go at all into the question whether or not a man would be rendered unable to do manual labor because of the loss of a foot, without such accompanying complications as would bring about a general as distinguished from a specific injury. If only the loss of a foot is involved, the only award that can be allowed is for the specific injury. This is too well settled to require citation of authorities.

In the third place, there was enough difference in the physical condition of the two men involved, appellee and the tendered witness, to justify the court in excluding the offered testimony, assuming for the sake of argument only that it would have been admissible if the condition of the two men had been the same. We would be slow to hold in any event that a trial court had abused his discretion in refusing to permit either party to prove extent or duration of disability by admitting the testimony of persons who had suffered similar injuries as to the degree of disability they had experienced.

■ When the witness in question was first placed on the stand, the jury was retired, and his testimony was taken in the absence of the jury for the purpose of the bill of exceptions, and appellant made his objections to the exclusion of such evidence while the jury was still retired. Under its third point appellant contends that the trial court erred in refusing to permit it to make its objections and to make its offer of testimony in the presence of the jury. The trial court acted properly in retiring the jury and in hearing the tendered testimony in the absence of the jury. 41 Tex.Jur., Trial-Civil Cases, # 95, p. 834, and cases there cited.