**Opinion issued August 30, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00438-CV

————————————

## ODIN DEMOLITION & ASSET RECOVERY, LLC, Appellant

## V.

## MARATHON PETROLEUM COMPANY, LP, Appellee

On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Case No. 15-CV-0948

## MEMORANDUM OPINION

Appellant, ODIN Demolition & Asset Recovery, LLC ("ODIN"), challenges

the trial court's take-nothing judgment, entered after a jury trial, in favor of appellee,

Marathon Petroleum Company, LP ("Marathon"), in ODIN's suit against Marathon

for negligence, tortious interference with a contract, breach of contract, and fraud.[1] In two issues, ODIN contends that the trial court erred in not granting its motion for new trial.

We affirm.

## Background

In its amended petition, ODIN, an industrial demolition and scrap metal recovery company, alleged that it contracted with Marathon to perform certain demolition and removal work at Marathon's Galveston Bay Refinery in Texas City, Texas. Marathon, during the course of the project, was "complicit" and "negligent" about security and oversight at its Galveston Bay Refinery. As a result, a third-party subcontractor stole "an unknown amount of metal belonging to ODIN and an unknown amount of funds from the project['s] [financial] account." Marathon also breached the parties' contract, "[c]reated [a]n [e]xpensive [a]nd [d]angerous [w]ork [e]nvironment," and "suffocated ODIN financially."

After the close of evidence, the trial court granted a directed verdict in favor of Marathon on ODIN's claims for negligence and tortious interference with a contract. And it submitted ODIN's remaining breach-of-contract and fraud claims to the jury. The jury found that Marathon did not breach its contract with ODIN and

---

[1] The trial court also entered a take-nothing judgment in favor of ODIN on Marathon's breach-of-contract counterclaim. Neither party has challenged this portion of the trial court's judgment.

did not commit fraud against ODIN. The trial court entered a take-nothing judgment against ODIN on all of its claims against Marathon.

ODIN then moved for a new trial, arguing that Juror No. 8 was not qualified to serve on the jury because she was not "of sound mind and good moral character,"[2] as she "ha[d] an outstanding warrant for her arrest in Arizona for theft by check (e.g.[,] writing bad checks), from which she ha[d] fled prosecution since (at least) 2014." (Internal quotations omitted.) According to ODIN, Juror No. 8 "lived in Arizona prior to taking up her current residence in Galveston County"; "[w]hile in Arizona, a warrant was issued for her arrest [after] she wrote a bad check, also known as deposit account fraud or theft by check"; she "fled prosecution in Arizona in connection with th[e] offense"; and at the time of trial, "there [was] an active warrant out for her arrest in [Arizona]." (Emphasis omitted.) Further, ODIN argued that because Juror No. 8 was not qualified to serve on the jury, her participation in the jury's verdict deprived it of the right to trial by a qualified jury, and thus, it was entitled to a new trial as a matter of law.

ODIN attached to its motion, the jury's verdict form, which included Juror No. 8's signature, lists her name as "Karen Murphy," and indicates that the verdict was rendered by an 11-1 majority. ODIN also attached a certified copy of a

---

[2]     See TEX. GOV'T CODE ANN. § 62.102(5) (Vernon Supp. 2017) ("A person is disqualified to serve as a petit juror unless [she] . . . is of sound mind and good moral character[.]").

3

"Warrant for Arrest," dated April 9, 2009 and signed by a Justice of the Peace of the Bullhead City Justice Court, Bullhead City, Arizona, for the offense of "FAIL[URE] TO APPEAR on the charge of: A.R.S. 13-1807-ISSUE A BAD CHECK, C1M[.]" The warrant lists the defendant as "Karen D. Murphy" and her race as white.

In its response to ODIN's motion, Marathon asserted that the arrest warrant, attached to ODIN's new-trial motion and relied on by ODIN to support its position that Juror No. 8 was disqualified from serving on the jury showed, on its face, that it was not an arrest warrant for Juror No. 8. Specifically, according to Marathon, "[t]he arrest warrant [relied on by ODIN was] for a Karen Murphy[,] who was born in July 1964 and whose race [was] 'white'"; additional "records from [that Arizona] criminal case [also] confirm that the Karen Murphy[,] who allegedly wrote a bad check in Arizona [was] white"; and although Juror No. 8 is named "Karen Murphy," she is African American.[3] Further, Marathon asserted that even if Juror No. 8 was not qualified to serve on the jury, her "participation . . . in the jury's verdict d[id] not automatically entitle [ODIN] to a new trial." (Internal quotations omitted) (Emphasis omitted.) In other words, because "[t]he verdict in th[e] case was rendered by an 11-1 majority," "the presence of one [purportedly] disqualified juror d[id] not compel a new trial." Thus, ODIN did not meet its burden of establishing its entitlement to a new trial.

---

[3] It is undisputed that Juror No. 8 is an African-American woman.

In addition to the "Warrant for Arrest" that ODIN had attached to its new-trial motion, Marathon attached to its response:

- A misdemeanor "Criminal Complaint," dated August 27, 1998 and signed by a Justice of the Peace from Bullhead City Precinct County of Mohave, State of Arizona, for the offense of "ISSUING A BAD CHECK, CLASS 1 MISDEMEANOR." The complaint lists the defendant as "Karen Dean Murphy" and her race as white;

- A "Warrant for Arrest," dated October 5, 1998 and signed by a Justice of the Peace for Bullhead County Justice Court, Mohave County, Arizona, for the misdemeanor offense of "ARS 13-1807 ISSUING A BAD CHECK, A CLASS 1 MISDEMEANOR." The warrant lists the defendant as "Karen Dean Murphy" and her race as white;

- A "Warrant for Arrest," dated April 2, 2004 and signed by a Justice of the Peace for Bullhead County Justice Court, Mohave County, Arizona, for the offense of "A.R.S. 13-1807-ISSUE A BAD CHECK, C1M." The warrant lists the defendant as "Karen D. Murphy" and her race as white; and

- A "Warrant for Arrest," dated May 1, 2014 and signed by a Judicial Officer for Bullhead County Justice Court, Mohave County, Arizona, for the offense of "A.R.S. 13-1807-ISSUE A BAD CHECK, C1M." The warrant lists the defendant as "Karen D. Murphy" and her race as white.

Marathon also attached to its response Juror No. 8's juror questionnaire, which states that her name is "Karen Murphy," her race is African American, she had never "been convicted of misdemeanor theft or a felony," and she was not "currently under indictment or other legal accusation for misdemeanor theft or a felony." The juror questionnaire does not state Juror No. 8's address at the time of trial.

5

In its reply to Marathon's response, ODIN asserted that Juror No. 8 is the same person as the individual with an "outstanding warrant for theft by check" in Arizona and it was entitled to a new trial "if one or more of the jurors empaneled was disqualified" "without regard [for] a showing of injury or probable injury or consent or waiver." (Internal quotations omitted) (Emphasis omitted.) ODIN attached to its reply "the printed version" of a Facebook profile page[4] for a person named "Karen Murphy" and a declaration of Scott L. Gordon, an employee of the law firm representing ODIN, stating: "On May 12, 2017, I conducted a Google search for 'Karen Murphy La Marque TX.' That search yielded Karen Murphy's Facebook profile, which was publicly available and which I accessed on that day. Exhibit A is a true and correct copy of the printed version of that profile as viewed by me on that day." (Emphasis omitted.)

After a non-evidentiary hearing, the trial court denied ODIN's new-trial motion.

---

[4]   *See In re G.P.*, No. 01-16-00346-CV, 2016 WL 6216192, at *23 n.67 (Tex. App.— Houston [1st Dist.] Oct. 25, 2016, no pet.) (mem. op.) ("'Facebook' is a 'social networking website[]' that 'allow[s] users to establish an online account, create a profile, and then invite others to access that profile as a friend'" (alteration in original) (quoting *Campbell v. State*, 382 S.W.3d 545, 550 (Tex. App.—Austin 2012, no pet.))); *see also Tienda v. State*, 358 S.W.3d 633, 634 n.3 (Tex. Crim. App. 2012) ("Social networking websites such as . . . Facebook 'typically allow users to customize their own personal webpages (often known as profiles), post photographs or videos, add music, or write a journal or blog that is published to the online world.'" (quoting John S. Wilson, Comment, *MySpace, Your Space or Our Space? New Frontiers in Electronic Evidence*, 86 OR. L. REV. 1201, 1220 (2007))).

## Standard of Review

We review the trial court's denial of a motion for new trial for an abuse of discretion. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009); *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). In other words, the court's ruling on the motion will not be disturbed on appeal absent a showing of an abuse of discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding rules and principles. *See Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997); *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 344 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We review the evidence submitted to the trial court in the light most favorable to that court's ruling, draw all legitimate inferences from the evidence, and defer to the trial court's resolution of conflicting evidence. *Imkie*, 326 S.W.3d at 344. There is generally no abuse of discretion when the trial court bases its decision on conflicting evidence and some evidence supports the trial court's decision. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Hinkle v. Hinkle*, 223 S.W.3d 773, 783 (Tex. App.— Dallas 2007, no pet.).

## Juror Disqualification

In its first and second issues, ODIN argues that the trial court erred in not granting its motion for new trial because Juror No. 8 was "disqualified from jury

service"; the trial court "ignored" its request to "elicit testimony from [Juror No. 8]"; the trial court "appl[ied] the wrong standard in deciding [its] [m]otion for [n]ew [t]rial"; and it was "[d]eprived [o]f [i]ts [c]onstitutional [r]ight [t]o [t]rial [b]y [a] [q]ualified [j]ury" due to Juror No. 8's disqualification.

Texas Government Code section 62.102 specifies the qualifications for jury service. TEX. GOV'T CODE ANN. § 62.102 (Vernon Supp. 2017); *Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 749 (Tex. 2006) ("The Legislature . . . has authority to pass laws establishing those qualified to serve, consistent with the right to a jury trial. To that end, the Legislature has established general juror qualifications relating to age, citizenship, literacy, sanity, and moral character." (internal footnotes omitted)); *In re J.O.*, 38 S.W.3d 718, 719 (Tex. App.—San Antonio 2000, no pet.); *see also* TEX. CONST. art. I, § 15; *Scaggs v. State*, 18 S.W.3d 277, 283 (Tex. App.—Austin 2000, pet. ref'd) ("The Texas Constitution provides that the legislature shall prescribe by law the qualifications of petit jurors."). All individuals are competent to serve as petit jurors unless disqualified. *See* TEX. GOV'T CODE ANN. § 62.101 (Vernon 2013); *Scaggs*, 18 S.W.3d at 283. Section 62.102(5) provides that "[a] person is disqualified to serve as a petit juror" if she is not "of sound mind and good moral character." TEX. GOV'T CODE ANN. § 62.102(5).

ODIN argues that Juror No. 8's "undisclosed criminal history makes [her] unqualified" under section 62.102(5) because jurors must be "of sound mind and

8

good moral character." (Internal quotations omitted) (Emphasis omitted.) More specifically, ODIN asserts that the "outstanding arrest warrant in Arizona for [Juror No. 8's] failure to appear and answer a charge of theft by check" renders her not qualified to serve on a jury.[5] *See id.*

As the movant, ODIN had the burden of demonstrating its entitlement to a new trial. *See Am. Gen. Fire & Cas. Co. v. McInnis Book Store, Inc.*, 860 S.W.2d 484, 486–87 (Tex. App.—Corpus Christi 1993, no writ) ("To obtain a new trial based on jury misconduct . . . [t]he movant bears the burden of presenting evidence substantiating fact claims necessary to entitle [it] to relief."); *Kimble v. Aetna Cas. & Sur. Co.*, 767 S.W.2d 846, 851 (Tex. App.—Amarillo 1989, writ denied); *see also Villalon v. Galindo*, No. 14-14-00556-CV, 2015 WL 7456023, at *4 (Tex. App.—Houston [14th Dist.] Nov. 14, 2015, no pet.) (mem. op.).

In its motion for new trial, ODIN asserted that Juror No. 8 "lived in Arizona prior to taking up her current residence in Galveston County" and "[w]hile [she lived] in Arizona, a warrant was issued for her arrest [after] she wrote a bad check, also known as deposit account fraud or theft by check." Juror No. 8 then "fled prosecution in Arizona in connection with th[e] offense," and at the time of trial, "there [was] an active warrant out for her arrest in [Arizona]." Further, according to

---

[5]     For purposes of this opinion, we will presume that a person with an "outstanding arrest warrant in Arizona for . . . failure to appear and answer a charge of theft by check" is not qualified to serve on a jury. *See* TEX. GOV'T CODE ANN. § 62.102(5).

ODIN, Juror No. 8, based on the "outstanding warrant for her arrest in Arizona," did not meet section 62.102(5)'s requirement that she have "sound mind and good moral character." *See* TEX. GOV'T CODE ANN. § 62.102(5).

ODIN attached to its motion, the jury's verdict form, which lists Juror No. 8's name as "Karen Murphy" and includes her signature as a participant in the jury's 11-1 majority verdict. ODIN also attached a certified copy of a "Warrant for Arrest," dated April 9, 2009 and signed by a Justice of the Peace of the Bullhead City Justice Court, Bullhead City, Arizona, for the offense of "FAIL[URE] TO APPEAR on the charge of: A.R.S. 13-1807-ISSUE A BAD CHECK, C1M[.]" The warrant, on its face, lists the defendant as "Karen D. Murphy" and her race as white. ODIN further attached to its reply to Marathon's response to its new-trial motion "the printed version" of a Facebook profile page for a person named "Karen Murphy," which lists La Marque, Texas as that particular "Karen Murphy['s]" "[c]urrent [c]ity" and Bullhead City, Arizona, Needles, California, and Fort Mohave, Arizona as "[o]ther [p]laces [l]ived." And a declaration of Gordon, an employee of the law firm representing ODIN, states: "On May 12, 2017, I conducted a Google search for 'Karen Murphy La Marque TX.' That search yielded Karen Murphy's Facebook profile, which was publicly available and which I accessed on that day. Exhibit A is a true and correct copy of the printed version of that profile as viewed by me on that day." (Emphasis omitted.) ODIN did not introduce any evidence at the hearing

10

on its new-trial motion, but instead relied exclusively on the evidence that it had attached to its motion and reply.

It is undisputed that Juror No. 8 is an African-American woman. Her name is listed on the jury verdict form and on her juror questionnaire, which Marathon attached to its response to ODIN's new-trial motion, as "Karen Murphy." There is no evidence in the record as to Juror No. 8's middle name or middle initial, nor is there any evidence of her address at the time of trial. Notably, the defendant listed on the "Warrant for Arrest," dated April 9, 2009 and upon which ODIN bases its disqualification argument, is named "Karen D. Murphy," and the warrant lists her race as white. Further, the printed Facebook profile page for a person purportedly named "Karen Murphy," living in La Marque, Texas, is not linked to Juror No. 8 in any way, other than by the name "Karen Murphy." And the record does not show that Juror No. 8 resides in La Marque, Texas.

In its response to ODIN's motion for new trial and on appeal, Marathon disputes that "the [person] who [is] the subject of the arrest warrant in Arizona [is] the same [person as] Juror [No.] 8." In addition to the "Warrant for Arrest" relied on by ODIN, Marathon in support of its position, attached to its response:

- A misdemeanor "Criminal Complaint," dated August 27, 1998 and signed by a Justice of the Peace from Bullhead City Precinct County of Mohave, State of Arizona, for the offense of "ISSUING A BAD CHECK, CLASS 1 MISDEMEANOR." The

11

complaint lists the defendant as "Karen Dean Murphy" and her race as white;

- A "Warrant for Arrest," dated October 5, 1998 and signed by a Justice of the Peace for Bullhead County Justice Court, Mohave County, Arizona, for the misdemeanor offense of "ARS 13-1807 ISSUING A BAD CHECK, A CLASS 1 MISDEMEANOR." The warrant lists the defendant as "Karen Dean Murphy" and her race as white;

- A "Warrant for Arrest," dated April 2, 2004 and signed by a Justice of the Peace for Bullhead County Justice Court, Mohave County, Arizona, for the offense of "A.R.S. 13-1807-ISSUE A BAD CHECK, C1M." The warrant lists the defendant as "Karen D. Murphy" and her race as white; and

- A "Warrant for Arrest," dated May 1, 2014 and signed by a Judicial Officer for Bullhead County Justice Court, Mohave County, Arizona, for the offense of "A.R.S. 13-1807-ISSUE A BAD CHECK, C1M." The warrant lists the defendant as "Karen D. Murphy" and her race as white.[6]

We note that ODIN, in its brief, argues that there is sufficient evidence showing that Juror No. 8 is the same person as the individual with an "outstanding arrest warrant in Arizona for . . . failure to appear and answer a charge of theft by check" because ODIN established in the trial court that "the individual in the warrant and Juror No. 8 have the same full name, 'Karen Dean Murphy'"; "[t]he individual listed in the warrant and Juror No. 8 have the same birthdate, July 24, 1964"; "[t]he

---

[6]    Marathon did not introduce any evidence at the hearing on ODIN's new-trial motion.

12

individual listed in the warrant and Juror No. 8 have the same Social Security number, beginning with the numbers 462-49"; "[t]he individual listed in the warrant and Juror No. 8 both appear to have lived at the same address, 2501 Jackson Street, La Marque, TX 77568-3716"; and "[t]he individual listed in the warrant and Juror No. 8 have both lived in Galveston County, Texas and Bullhead City, Arizona and Fort Mohave, Arizona." (Emphasis omitted.) Notably, however, ODIN does not direct the Court to any evidence in the record to support its bald assertions. Instead, it merely cites the argument section of its reply to Marathon's response to its new-trial motion. Unsupported arguments in briefs or motions are not evidence. *See Grant Prideco, Inc. v. Empeiria Conner L.L.C.*, 463 S.W.3d 157, 162 n.10 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Cleveland v. Taylor*, 397 S.W.3d 683, 693 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ("Neither an attorney's argument nor the pleadings or motions of a party constitute evidence."); *In re D.A.P.*, 267 S.W.3d 485, 488 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also Associated Emp'rs Lloyds v. Wynn*, 230 S.W.2d 838, 839 (Tex. App.—Fort Worth 1950, no writ) (statement in new-trial motion "not evidence as to the matter alleged"). And the record simply does not support ODIN's assertions that "[t]he individual in the warrant and Juror No. 8 have the same full name," the same birthdate, the same Social Security number, the same address, or that "both [have]

13

lived in Galveston County, Texas and Bullhead City, Arizona and Fort Mohave, Arizona."[7]  (Emphasis omitted.)

ODIN further argues that it established that Juror No. 8 has an "outstanding arrest warrant in Arizona for . . . failure to appear and answer a charge of theft by check" because it showed that the Arizona arrest warrant, which states that the defendant "Karen D. Murphy" is white, contains a "clerical error."  Again, ODIN presented no evidence to the trial court, and has not directed this Court to any evidence in the record, supporting its assertion that the arrest warrant, upon which it relies, contains a "clerical error."  Instead, ODIN, in support of its assertions, relies on unsupported statements and arguments in its reply to Marathon's response to its new-trial motion and its counsel's argument at the non-evidentiary hearing on its motion for new trial.  *See Grant Prideco, Inc.*, 463 S.W.3d at 162 n.10; *Cleveland*, 397 S.W.3d at 693; *In re D.A.P.*, 267 S.W.3d at 488; *see also Associated Emp'rs Lloyds*, 230 S.W.2d at 839.

At best, the trial court in the instant case had before it conflicting evidence as to whether Juror No. 8 was the same person as the individual with an "outstanding arrest warrant in Arizona for . . . failure to appear and answer a charge of theft by

---

[7]  We note that Marathon, in its brief, concedes that Juror No. 8 and the individual with the Arizona arrest warrant "share the same birthdate"; however, Marathon asserts that these two individuals do not "share the same middle name, social security number, or address."

14

check." In other words, here, the trial court was presented with conflicting evidence about whether Juror No. 8 was statutorily disqualified from serving on the jury. *See* TEX. GOV'T CODE ANN. § 62.102(5). In denying ODIN's new-trial motion, the trial court impliedly found that Juror No. 8 is not the same person as the individual with an "outstanding arrest warrant in Arizona for . . . failure to appear and answer a charge of theft by check," and thus, was not statutorily disqualified from serving on the jury. *See Trinity River Auth. v. Hutchings*, 437 S.W.2d 383, 385–86 (Tex. App.—Beaumont 1969, no writ) ("The overruling of the motion for new trial is an implied finding by the trial court that the [alleged juror] misconduct did not occur.").

As previously explained, a trial court does not abuse its discretion when it bases its decision to deny a motion for new trial on conflicting evidence and when there is some evidence supporting its decision. *See Walker*, 827 S.W.2d at 840; *Davis*, 571 S.W.2d at 862; *Hinkle*, 223 S.W.3d at 783. Here, we simply cannot conclude that the trial court erred in denying ODIN's motion for new trial. *See Contreras v. Sec. Well Serv., Inc.*, No. 04-03-00149-CV, 2004 WL 383370, at *5–6 (Tex. App.—San Antonio Mar. 3, 2004, pet. denied) (mem. op.) (where trial court presented with conflicting evidence as to whether juror statutorily disqualified from jury service, it did not err in denying new-trial motion); *Hutchings*, 437 S.W.2d at 385–86 (where trial court presented with conflicting evidence "as to whether or not jury misconduct occurred," "the decision of the trial court [denying the new-trial

15

motion] must be accepted as final"). Because ODIN did not meet its burden of demonstrating that Juror No. 8 was "disqualified from jury service" due to an "outstanding arrest warrant in Arizona for . . . failure to appear and answer a charge of theft by check," we hold that the trial court did not err in denying ODIN's motion for new trial.

We further note that ODIN, in a portion of its first issue on the appeal, asserts that the trial court erred in denying its request to "elicit testimony" from Juror No. 8 at the new-trial hearing. However, to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion, and the trial court either ruled on the party's request, objection, or motion, or refused to rule, and the party objected to that refusal. TEX. R. APP. P. 33.1(a). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991); *see* TEX. R. APP. P. 33.1(a).

Here, the record does not show that ODIN ever requested that the trial court allow it to present the testimony of Juror No. 8 on the issue of juror disqualification or her purported "Warrant for Arrest."[8] *See* TEX. R. APP. P. 33.1(a). And ODIN did

---

[8] ODIN directs this Court to a single sentence in its reply to Marathon's response to its new-trial motion, stating "ODIN welcomes the opportunity for Marathon and ODIN to examine [Juror No. 8] on this limited topic at the Court's convenience."

16

not make an offer of proof regarding Juror No. 8's testimony. *See* TEX. R. EVID. 103(a)(2) (requiring substance of evidence be made known to court by offer of proof to preserve error when ruling excludes evidence); *Perez v. Spring Branch Indep. Sch. Dist.*, No. 14-10-00058-CV, 2011 WL 742601, at *1 (Tex. App.—Houston [14th Dist.] Mar. 3, 2011, pet. denied) (mem. op.) ("If the complaint is that evidence has been improperly excluded, to adequately and effectively preserve error, an offer of proof must show the nature of the evidence specifically enough so that the reviewing court can determine its admissibility."). Accordingly, we hold that ODIN has not preserved for our review its complaint that the trial court erred in not granting its new-trial motion because it prohibited ODIN from eliciting testimony from Juror No. 8. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a)(2); *In re Marriage of Lendman*, 170 S.W.3d 894, 898 (Tex. App.—Texarkana 2005, no pet.) (trial court had no opportunity to rule on issue where matter not presented to court); *C.S.C.S., Inc. v. Carter*, 129 S.W.3d 584, 594 (Tex. App.—Dallas 2003, no pet.) (party did not preserve error where it did not request opportunity to present testimony at

This is not sufficient to preserve, for appellate review, ODIN's complaint that the trial court erred in not granting its new-trial motion because it prohibited ODIN from eliciting testimony from Juror No. 8. *See* TEX. R. APP. P. 33.1(a); *Swaab v. Swaab*, 282 S.W.3d 519, 527 (Tex. App.—Houston [14th Dist.] 2008, pet. dism'd w.o.j.) (to preserve complaint, party must bring complaint to trial court's attention); *Durbin v. Culberson Cty.*, 132 S.W.3d 650, 656 (Tex. App.—El Paso 2004, no pet.) (party filed objection but never notified trial court about its objection or brought objection to trial court's attention).

hearing); *Jensen Constr. Co. v. Dall. Cty.*, No. 05-98-00032-CV, 2000 WL 1036322, at *3 (Tex. App.—Dallas July 28, 2000, no pet.) (not designated for publication) (party did not preserve error where record did not show it made any request for witness to testify or that trial court denied such request).

Finally, in regard to ODIN's assertion on appeal that the trial court, in denying its new-trial motion, "appl[ied] the wrong standard,"[9] we note that ODIN, to support its argument, relies exclusively on oral statements made by the trial court at the end of the non-evidentiary hearing on ODIN's new-trial motion. Specifically, ODIN complains about the trial court's statement, at the close of the hearing, that "there's no bona fide evidence"[10] that Juror No. 8 was "the same Ms. Murphy that [was] charged with theft by check" or "Ms. Murphy ever even had a pending theft charge." However, such oral statements do not constitute findings or conclusions by the trial court. *See In re W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984); *Tamuno Ifiesimama v. Haile*, 522 S.W.3d 675, 684 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Intec Sys., Inc. v. Lowrey*, 230 S.W.3d 913, 918 (Tex. App.—Dallas 2007, no pet.). And "[r]egardless of what the trial court may have said, or what the parties may have

---

[9]     A trial court may grant a new trial for "good cause" or "in the interest of justice." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 210, 213 (Tex. 2009) (internal quotations omitted); *In re City of Hous.*, 418 S.W.3d 388, 392 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (internal quotations omitted); *see* TEX. R. CIV. P. 320.

[10]    "[B]ona fide" means "[m]ade in good faith," "[s]incere," "genuine." *Bona fide*, BLACK'S LAW DICTIONARY (10th ed. 2014).

18

argued at the hearing, the trial court did not prepare any findings of fact or conclusions of law" related to ODIN's new-trial motion, nor did it specify the ground on which it was relying when it denied ODIN's motion in its written order. *See Celestine v. Dep't of Family & Protective Servs.*, 321 S.W.3d 222, 232 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *see also Richardson v. Johnson & Higgins of Tex., Inc.*, 905 S.W.2d 9, 11–12 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (although party relied on trial court's oral comments at hearing, "[i]t is the court's order that counts," not oral statements). And absent any written findings and conclusions, we imply all necessary findings in support of the trial court's decision denying ODIN's motion for new trial. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Giangrosso v. Crosley*, 840 S.W.2d 765, 769 (Tex. App.—Houston [1st Dist.] 1992, no writ). Simply put, here, there is no indication in the record that the trial court "appl[ied] the wrong standard" in denying ODIN's new-trial motion.

We overrule ODIN's first and second issues.[11]

---

[11] Given our above holdings, we need not address any remaining arguments raised by ODIN in its briefing. *See* TEX. R. APP. P. 47.1.

19

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.